## 45552. JOYCE v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY.

JORDAN, Presiding Judge. This is a wrongful death action based on the death of the plaintiff's husband in a grade crossing collision between the vehicle he was driving and the defendant's locomotive. The plaintiff appeals from the grant of a summary judgment for the defendant. *Held:*

The essential issue for determination is whether the defendant railroad has successfully pierced the pleadings, in view of the evidence adduced in behalf of and in opposition to the motion, so as to eliminate for jury determination any issue of negligence of the railroad or its servants as a proximate cause of the death. The well settled rules governing such a determination on motion for summary judgment are clearly stated in *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (170 SE2d 737).

The collision occurred about 7:30 p.m. on November 5, 1965, in Warner Robins at the intersection of North Davis Drive and the defendant's railroad. A southbound train was proceeding at a speed of about 40 m.p.h. and the locomotive had activated a switch for the red warning signals at the crossing when it was 2,000 feet north of the crossing. These signals had been operating about 30 seconds at the time of impact. The headlight on the locomotive was burning, the customary whistle signal had been sounded—two long blasts, a short blast, and another long blast—and the bell was ringing as the locomotive approached the crossing. The fireman stationed on the left side of the locomotive was observing ahead and noticed the automobile as it moved from his left toward the crossing. It momentarily appeared to stop clear of the trucks, and then suddenly moved forward, as if by a heavy application of the accelerator, into

the path of the oncoming train. He immediately warned the engineer stationed on the right. A flagman also observed the situation and warned the engineer. The engineer, who was also observing ahead, but had not seen and was unable to see the automobile approaching from the left due to his position on the right side of the engine, felt an impact about the same time as he received the warnings, and immediately applied the brakes in emergency. Moments before, the plaintiff's husband had left his home about 200 yards from the crossing. He was an experienced driver and when he left home his wife observed nothing which would impair his driving ability.

While there is evidence to the effect that the lights from vehicles on a heavily traveled highway paralleling the railroad tracks might interfere with the visual ability of a driver using the crossing to identify an approaching train, and that the auditory ability of the plaintiff's husband may have been affected by the fact that the window or windows of the automobile were closed on the right side of the automobile, and could have been affected by the noise of airplanes at a nearby airbase, although there is no evidence of such noise immediately before the collision, and although there is evidence that because the crossing signals were sometimes activated for undue lengths of time, by reason of which motorists customarily crossed at this crossing and others in the area in violation of the visual signals, none of this evidence creates or preserves an issue for jury determination in the face of the undisputed facts disclosing not only an unimpaired visual ability of the motorist to see the red signals, as disclosed by the plaintiff's statement of the condition of her husband moments before his death, and also that he must have seen the signal, as disclosed by the stopping of his vehicle short of the tracks, plus additional undisputed facts disclosing that the locomotive had the right of way and was being operated in a lawful manner. There is no basis for negligence of the railroad or its servants as the cause of death merely because the engineer may have been involved in other collisions in recent years, or because his duty to maintain a lookout ahead was partially fulfilled by the fireman, or because a crossing gate or underpass or overpass would prevent collisions. It appears to be

beyond dispute that the emergency created by the sudden appearance of the vehicle on the tracks was either an emergency created by the deliberate choice of the plaintiff's husband to beat the locomotive across the tracks, or by his negligent conduct in exercising control of the automobile, or by some other unexplained cause not attributable to the railroad or its servants.

In our opinion the undisputed facts affirmatively exclude any basis to authorize a jury to find negligence of the railroad or its servants as a proximate cause so as to establish liability of the railroad for the death of the plaintiff's husband. The trial court correctly granted defendant's motion for summary judgment.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 11, 1970—DECIDED OCTOBER 15, 1970—REHEARING DENIED OCTOBER 30, 1970.

*Carl P. Savage, Jr.,* for appellant.
*Bloch, Hall, Hawkins & Owens, F. Kennedy Hall,* for appellee.