55182. WEST-RO v. COLETTI et al.

McMURRAY, Judge.

On September 1, 1968, defendants, along with another person, executed an agreement whereby they leased from plaintiff an automatic car wash facility for a period of 96 months. The lease agreement provided for

monthly payments and a security deposit of $15,000 to be made in advance with the lessor-plaintiff. The lease provided for a total rental of $51,600. The three lessees also executed a guaranty of said lease.

On October 3, 1969, the lessees' interest was assigned to Robo Automatic Car Wash of Georgia, Inc., but the original lessees, including the defendants, were not released from their liabilities under the lease and guaranty.

This action was commenced against defendants due to the occurrence of default under the terms of the lease. Rental payments totaling $39,200 have been made to plaintiff under the lease. Plaintiff seeks $12,400 for payments due under the lease and guaranty, plus attorney fees authorized in the guaranty. However, by amendment plaintiff sought total damages in the amount of $30,000 plus attorney fees. In another amendment plaintiff sought $6,450 in quantum meruit as the value of the use of the equipment as a part of the total damages sought. Defendants denied the indebtedness and pleaded the defense of payment, averring that the $15,000 advanced to plaintiff as a security deposit had never been returned to defendants and that it should have been credited against the amount claimed by plaintiff so that the alleged debt was paid in full. One of plaintiff's contentions is that the $15,000 security deposit is forfeited as liquidated damages and that it is additionally entitled to recover other damages.

After discovery both plaintiff and defendants moved for summary judgment. Plaintiff's motion was denied, and defendants' motion was granted. Plaintiff appeals from that portion of the court's order granting defendants' motion for summary judgment. *Held:*

The damages which plaintiff seeks include $12,400 for rental payments due under the terms of the lease and $6,450 as fair rental value for the use of the equipment since termination of the lease. The plaintiff then avers generally total damages of $30,000 plus attorney fees. Clearly defendants' plea of payment is not alone sufficient to authorize summary judgment in favor of defendants and against plaintiff.

We do not reach the issue of whether the $15,000

security deposit should be applied to the amount of the indebtedness because the alleged damages substantially exceed this sum.

"Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings." *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420, 421 (2) (170 SE2d 737). The averment of plaintiff's complaint alleging breach of contract, a claim in quantum meruit, and reasonable attorney fees, as well as other claims of damages, were not pierced. Material issues of fact remain for jury determination.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 12, 1978 — DECIDED FEBRUARY 21, 1978.

*T. Brian Glass,* for appellant.
*Claude E. Hambrick,* for appellees.