24309. MOORE v. TODD et al.

UNDERCOFLER, Justice. Jessie L. Todd brought this action in 1959 against R. A. Moore to recover the principal, interest and attorney's fees allegedly due on two notes and a security deed, and to have the debt declared a special lien on the land described therein. The petition alleged that on April 5, 1938, the defendant gave "The Somerset Company" a note and security deed in the amount of $1,600 due November 1, 1938; that on January 6, 1939, "The Somerset Company" transferred the note and security deed to W. C. Todd; that on March 15, 1939, the defendant gave W. C. Todd a demand note in the amount of $2,200 with the following agreement thereon: "It is agreed by the parties hereto this note and loan that this is an addition to a part of one security deed of vendor dated April 5, 1939, to vendee. /s/ R. A. Moore, /s/ W. C. Todd"; said notes and security deed were transferred to plaintiff on November 1, 1948. By amendment the plaintiff struck her claim on the $1,600 note dated April 5, 1938. Upon motion W. C. Todd was made a party plaintiff.

The defendant's answer as amended avers in substance that on March 15, 1939, W. C. Todd was indebted to him for legal services in an amount in excess of $2,200; that W. C. Todd

agreed to purchase defendant's $1,600 note dated April 5, 1938, from "The Somerset Company," and that it would be satisfied by the amounts due defendant for legal services; that at that time it was estimated that the amount due on said note was $2,200 and the defendant gave Todd the note dated March 15, 1939, in that amount; that the two notes represent the same indebtedness; that the Georgia Intangible Tax Statute (Ga. L. 1937-38, Ex. Sess., pp. 156, 161; *Code Ann.* § 92-125) has not been complied with and that the tax due on said instruments has not been paid. The defendant prayed that said cause should abate because the Georgia Intangible Tax Statute has not been complied with and that the notes and security deed be canceled and set aside.

Both parties demurred generally and specially to each other's pleadings. On August 26, 1966, the court overruled the defendant's general demurrer and sustained certain special demurrers of each allowing them 60 days in which to amend. The plaintiff filed an amendment to her petition on October 25, 1966, which was allowed by the court on May 12, 1967. The defendant has not filed any amendment. Thereafter the plaintiff moved that the defendant's answer be stricken and she have judgment, and the defendant moved to dismiss the petition. On July 14, 1967, the court struck the defendant's answer, overruled the motion to dismiss the petition, and awarded judgment to the plaintiff.

The defendant appeals to this court enumerating as error: (1) the overruling of his general demurrer to the petition; (2) the order of July 14, 1967, overruling his motion to dismiss the petition for the reasons that the plaintiff's petition was not properly amended within the 60 days allowed, and, if amended in time, did not satisfy the objections raised and accordingly failed to set out a cause of action; (3) striking his answer and awarding judgment to plaintiff without evidence; and (4) sustaining certain special demurrers to his answer and limiting him to 60 days in which to amend. *Held:*

1. The defendant's complaint that the plaintiffs' amendment to their petition should not be considered because not allowed within the 60 days specified in the court's order for amendment, although filed within that time, is without merit.

"It was held in *Zipperer v. Helmly,* 148 Ga. 480 (97 SE 74): 'Under proper construction of the order allowing the plaintiff thirty days in which to present to the court an amendment

of his petition, it was within the power of the court, to allow an amendment which had been filed, within the thirty days so allowed, in the office of the clerk of the court where the case was pending, but had not been presented to the judge within the thirty days.' In that case the amendment was filed within the time required by the judge's order, as in *Richards v. Shields* [138 Ga. 583 (75 SE 702)]; *Johnson v. Vassar* [143 Ga. 702 (85 SE 833)]; and *Clark v. Ganson* [144 Ga. 544 (3), 545 (87 SE 670)]. In this case the judge construed his order as requiring the amendment to be *filed* 'before August 1st, 1933.' If the order is susceptible of a construction that it must be 'filed' or 'approved' by August 1st, 'the Supreme Court will adopt that construction of the order which is placed upon it by the judge who granted it.'" *Humphries v. Morris,* 179 Ga. 55, 59 (175 SE 242).

The petition as amended sets out a cause of action and the court did not err in overruling the defendant's general demurrer, motion to dismiss, and special demurrer number 5.

2. This suit has been pending over eight years, and involves transactions which took place over twenty-eight years ago. The pleadings are extensive and involved, particularly since the answer has been amended at length six times and contains matters that seem to be entirely unrelated to the issues. After a careful review, we have concluded this case is nothing more than a suit on a renewal note and security deed which the defendant claims was satisfied by money due him for legal services. Accordingly, the defendant's defense alleges a set-off arising out of a transaction independent of the instruments sued upon and which is barred by the statute of limitation. *Code* §§ 20-1312, 20-1311. *Byrom v. Ringe,* 83 Ga. App. 234 (63 SE2d 235). *Hamilton v. Grangers' Life &c. Ins. Co.,* 65 Ga. 750; *Dooley v. Gorman,* 104 Ga. 767 (1) (31 SE 203).

3. There is no merit in the defendant's contention that he was allowed insufficient time to amend.

4. The defendant contends that the plaintiffs' suit is barred under Ga. L. 1937-38, Ex. Sess., pp. 156, 161 (*Code Ann.* § 92-125) which provides: "Wilful failure to list any property with the State Revenue Commission for taxation as required by the terms of this law [§§ 92-113 to 192-159, 92-9946] shall be a bar to any action upon the same in any court and may be pleaded as a complete defense; but the holder thereof may at any time pay all taxes, penalties and accrued interest,

including the 25 per cent. penalty provided in this law, and thereupon, without dismissal of the original suit, be relieved from the penalty above provided."

This defense is meritorious and the judgment is reversed.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1967—DECIDED OCTOBER 5, 1967— REHEARING DENIED OCTOBER 20, 1967.

*George R. Jordan, Sumner & Boatright, J. Laddie Boatright,* for appellant.

*McDonald & Mills, Ben B. Mills, Jr.,* for appellees.