43516. SHADIX et al. v. DOWDNEY.

Bell, Presiding Judge. Plaintiff filed this suit based on negligence to recover for the wrongful death of her husband, which resulted from a collision involving a truck driven by decedent and an automobile driven by one of the defendants. Defendants took this appeal from the trial court's denial of their motion for summary judgment. The only evidence consists of two supporting affidavits filed by defendants. Plaintiff filed no opposing affidavits and offered no evidence. Defendants contend that the court erred in denying their motion for summary judgment because there was no evidence in support of plaintiff's specifications of negligence. The fallacy of this argument is that it is contra to the rule that the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Ga. Mut. Ins. Co. v. Morgan,* 115 Ga. App. 520 (154 SE2d 720). No duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. *Durrett v. Tunno,* 113 Ga. App. 839, 842 (149 SE2d 826); *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500). "In

order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely." *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749). Defendants' supporting affidavits, being inconclusive as to certain specifications of negligence alleged by plaintiff, were not sufficient to remove from the case issues of material fact which the petition had raised. It was not error to overrule defendants' motion for summary judgment notwithstanding that plaintiff offered no opposing evidence.

*Judgment affirmed. Hall and Quillian, JJ., concur.*

ARGUED MARCH 5, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED MAY 1, 1968.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Noland & Coney, Robert Noland,* for appellants.