44716, 44717. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al. v. BEAVER (two cases).

PANNELL, Judge. Imojean C. Beaver and her husband, Larry E. Beaver, brought separate actions against Southern Bell Telephone & Telegraph Company and Danny Ray Holmes, its employee, seeking recovery of damages occasioned when a vehicle owned by the corporation and driven by the employee struck the vehicle being driven by Imojean C. Beaver from the rear, causing the alleged injuries and damages. In each case, the defendants made joint motion for summary judgment based upon the depositions of the plaintiff, Imojean C. Beaver, taken by the defendants, and an affidavit of the defendant, Danny Ray Holmes. In opposition to the motion for summary judgment, an affidavit of Imojean C. Beaver was submitted. There is no material conflict between her deposition and her affidavit, which showed substantially the following: that she was driving in a northerly direction on the North Expressway in the City of Atlanta between Spring Street and West Peachtree Street at a speed of approximately 20 miles per hour in thickening traffic, that she observed two cars in front of her collide and then she immediately put on her brakes and came to a stop approximately four feet behind the car in front of her, that immediately thereafter her car was struck from the rear causing the injuries complained of, that immediately prior to the collision she did not observe

the cars behind her and could not recall, because of her dazed condition immediately after the impact, whether there was only one impact or more than one impact. The affidavit of Danny Ray Holmes was substantially as follows: that he was driving a 1961 Willys Jeep owned by the corporate defendant at the time and place in question and there were no other occupants in the vehicle. The weather was clear and the pavement was dry; the highway was straight and there was a slight grade. The automobile driven by the plaintiff was in front of deponent and proceeding in the same direction in the same lane of traffic, that he was approximately one-and-one-half car lengths behind the plaintiff's vehicle and driving approximately 20 miles per hour when the plaintiff's vehicle suddenly slowed or stopped, that he applied his brakes and at the same time turned the wheels of the Jeep toward the inside lane and the Jeep came to a complete stop approximately three feet from the rear of the automobile of the plaintiff, that the automobile which was following him and operated by Ernest G. Babich of Pittsburgh, Pennsylvania, then struck his vehicle in the rear, causing it to collide with the vehicle which the plaintiff, Mrs. Beaver, was driving. The trial judge denied the motions for summary judgment. *Held:*

1. "The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law." *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (1) (126 SE2d 442).

2. Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings. Moore's Federal Practice, Vol. 6, par. 56.15 [3], p. 2347, n. 46; *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245).

3. It has oft times been held that a motion for summary judgment is analogous to a motion for a directed verdict. "The operation of the motions is, then, essentially the same in reference to those issues upon which the movant for summary judgment would have, at trial, the burden of proof.

The operation is, however, somewhat different where the motions are made by the opponent of the party with the trial burden. Assume, for example, that the movant is the defendant who is attacking the merits of plaintiff's claim. On motion for directed verdict the party resisting the motion, i.e., the plaintiff, has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or nonexistence of facts." Moore's Federal Practice, Vol. 6 (2d Ed.), par. 56.15 [3], pp. 2341-2343. It appears, therefore, that the grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper. Armco Steel Corp. v. Realty Investment Co., 273 F2d 483.

4. Where, as in the present case, the defendants, master and servant, in an action based upon alleged negligent operation of an automobile on an expressway in that the servant in the course of his employment "negligently drove into the rear" of the plaintiff's automobile on a crowded expressway, introduces in support of the defendant's motions for summary judgment (a) a deposition of the plaintiff driver which was taken by the defendants and which might have failed to show negligence on the part of the defendant servant, but does not negative such negligence on the part of the defendant servant, and (b) on an affidavit of the defendant servant which describes how the collision occurred and fails to show negligence on the part of the defendant servant, but also fails to show *affirmatively* lack of negligence of such defendant in the ordinary duties involved in driving an automobile in crowded traffic such as that the defendant's brake lights were working or that he gave a hand signal before stopping behind the plaintiff's automobile, or failed to show that driving one-and-one-half car lengths behind the plaintiff's automobile was as a matter of law under all the circumstances not follow-

ing too closely, etc., the pleadings of the plaintiffs alleging negligence have not been pierced. Accordingly, there is no burden on the plaintiffs to produce additional evidence or materials to prove their case. If upon the trial the situation were the same as to the evidence, the plaintiffs having the burden, a directed verdict might be proper; but that does not control on the motion for summary judgment here.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

ARGUED SEPTEMBER 12, 1969—DECIDED OCTOBER 1, 1969.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, William E. Eason, Jr.,* for appellant.

*Rary & Rambo, J. C. Rary,* for appellees.