## 46673.   KROGER COMPANY v. COBB.

PANNELL, Judge. The evidence on the motion for summary judgment by the defendant in a "slip and fall" case was sufficient to authorize a finding that plaintiff slipped upon a piece of vegetable leaf in the defendant's grocery produce department. There was no evidence as to how long the leaf had been there but there was testimony that the area had been swept one-half to one hour before the plaintiff's fall. There was also evidence that at the time of the fall there were vegetables and vegetable materials in the area on the floor, although not in the immediate spot where the fall occurred. The trial judge denied the defendant's motion for summary judgment and the defendant appealed.

1. "'The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.' *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442)." *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (1) (170 SE2d 737).

2. "Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings. Moore's Federal Practice, Vol. 6, par. 56.15 [3], p. 2347, n. 46; *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245)." Id., hn. 2.

3. "It has oft times been held that a motion for summary judgment is analogous to a motion for a directed verdict. 'The operation of the motions is, then, essentially the same in reference to those issues upon which the movant for summary judgment would have, at trial, the burden of proof. The operation is, however, somewhat different where the motions are made by the opponent of the party with the trial burden. Assume, for example, that the movant is the defendant who is attacking the merits of plaintiff's claim. On motion for directed verdict the party resisting the motion, i. e., the plaintiff, has had to and has presented his evidence, which is then scrutinized by the motion. On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence, of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material facts rests on the party moving for summary judgment whether he or his opponent would at trial have the burden of proof on the issue concerned;

and rests on him whether he is by it required to show the existence or nonexistence of facts.' Moore's Federal Practice, Vol. 6 (2d Ed.), par. 56.15 [3], pp. 2341-2343. It appears, therefore, that the grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper. Armco Steel Corp. v. Realty Investment Co., 273 F2d 483." Id., hn. 3.

4. Accordingly, since the defendant failed to affirmatively show that the leafy vegetable material *had not* been on the floor a sufficient length of time to constitute notice to the defendant of its presence thereon, the defendant failed to carry the burden cast upon it (see *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420, supra; *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114)) and the trial court did not err in denying the defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED OCTOBER 4, 1971—DECIDED JANUARY 19, 1972.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Gary R. Smith,* for appellant.

*Wall, Parker & Campbell, Andrew W. Estes,* for appellee.

