## 47156.  WOODS v. CANADY.

STOLZ, Judge. 1. In this action by a buyer to rescind a contract for the purchase of a motor vehicle on the ground of his minority at the time of the transaction, the trial judge did not err in failing, summarily and on his own motion, to grant the relief sought on the ground that the defendant's answer supported the conclusion therein of the defense of estoppel in pais by the allegation of fewer than all of the requisite elements of that defense. The defendant set forth this defense "affirmatively," as required by *Code Ann.* § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; as amended), so as to fulfill the purpose of pleading under the CPA, i.e., to give notice of what the adverse party may expect to meet, rather than to frame issues, as was the purpose of pre-CPA pleading. Kellogg Co. v. Nat. Biscuit Co. (DC-NJ), 38 FSupp. 643; Battin Amusement Co. v. Cocalis Amusement Co. (DC-NJ), 1 FRD. 769. It now suffices to plead conclusions, whether of fact or of law, provided the pleading is sufficiently definite so as to give fair notice to the opposite party of the precise nature of the matters thereby raised and sufficiently inform the court to determine the question presented. Mails v. Kansas City Public Service Commn. (DC-MO.),

51 FSupp 562; Sheridan-Wyoming Coal Co. v. Krug (App. DC), 168 F2d 557. A pleading is not subject to dismissal unless it appears to a certainty that the pleader cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. See *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327) and cit. Enumerated error 1 is without merit.

2. The trial judge did not err in "letting the jury decide the questions of law constituting the elements of an estoppel in pais," as contended in enumerated error 2. "'[W]here the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel.'" *Hughes v. Cobb,* 195 Ga. 213, 231 (23 SE2d 701) and cit. Since, as we have held hereinabove, the defendant was not required to allege every element of the defense of estoppel in pais in his answer, the issue was necessarily tried before the jury, by the introduction of evidence to prove these elements. Since the appellant has not had the transcript of evidence transmitted to this court, nor an agreement on a brief of evidence between counsel or a statement of the evidence by the court, it is impossible to determine whether or not the facts relied on to establish the estoppel "unequivocally show an estoppel in pais"; therefore, we must assume that the judge properly submitted the issue to the jury and properly charged them as to the necessary elements of estoppel in pais, and that under the evidence adduced the judgment was authorized. See *Lofton v. Bohannan,* 226 Ga. 186 (173 SE2d 204); *Stark v. Haney,* 227 Ga. 104 (179 SE2d 67); *Miller v. Parks,* 124 Ga. App. 4 (2) (183 SE2d 88) and cit.

3. Likewise, absent a transcript of evidence or its equivalent, this court can not determine whether the evidence demanded a verdict for the plaintiff. See *Code Ann.* §81A-150(a) (Ga. L. 1966, pp. 609, 656; as amended). Therefore, enumerated error 3, the denial of the motion for a directed verdict, is without merit.

4. A consideration of enumerated error 4, the overruling of the plaintiff's motion for judgment n.o.v., depends on a transcript of evidence, which was not filed; therefore, this enumerated error presents nothing for review. See *Lofton, Stark,* and *Miller,* supra, cited in Division 2 hereinabove.

The judgment in favor of the defendant was not error for any reason contended.

*Judgment affirmed Bell, C. J., and Evans, J., concur.*
SUBMITTED MAY 1, 1972—DECIDED MAY 31, 1972.

Mell Woods, *pro se.*
*Randolph C. Karrh,* for appellee.

