## 47218.   ALEXANDER v. BOSTON OLD COLONY INSURANCE COMPANY.

STOLZ, Judge. Plaintiff brought this action to recover under an insurance policy. The defendant's motion for summary judgment was granted, from which judgment the plaintiff appeals.

The motion was supported by an affidavit from an individual who swore that he was the secretary of the defendant company and that attached to his affidavit was a specimen copy of a portion of the standard homeowner's policy issued by the insurer which is a true copy of that portion of the plaintiff's policy, on which the action is based. The relevant part of the exhibit provided that no suit or action on the policy for the recovery of any claim could be sustained in any court of law unless commenced within 12 months next after inception of the loss. The plaintiff's complaint alleged February 6, 1970, as the date of the loss. The complaint was filed on September 15, 1971, more than 12 months after the loss. On the day of the hearing on the defendant's motion, but prior thereto, the plaintiff filed an amendment to his complaint alleging "that he was without mental capacity to properly transact his business from the date of his aforesaid loss until on or about October 6, 1970," and that his disability was caused by the murder of his wife on the date of the loss. *Held:*

1. The appellant makes the contention, for the first time on his appeal, that the defendant's supporting affidavit could not be considered by the trial court in adjudicating the motion for summary judgment on the grounds that it shows that it was not made on the personal knowledge of the affiant, and that the exhibit, a copy, should not have been considered in the absence of an accounting for the original. On the question of whether the appellate courts can rule on the competency and admissibility of supporting affidavits in the absence of objections thereto in the trial court, see *Green v. Wright,* 225 Ga. 25 (165 SE2d

843); *Reed v. Batson-Cook Co.,* 122 Ga. App. 803, 806 (178 SE2d 728); *Ga. Hwy. Express v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215); *Salters v. Pugmire Lincoln-Mercury,* 124 Ga. App. 414, 417 (184 SE2d 56); and the concurring opinion in *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 481 (191 SE2d 298). Even assuming the validity of the affidavit and the attached copy, or the plaintiff's waiver of its invalidity, however, the grant of the summary judgment was error for the reasons hereinafter stated.

2. Even if the defendant's showing on the motion based upon the contractual 12-month limitation period, pierced the plaintiff's *original* pleadings, the plaintiff's timely *amendment* to his complaint (filed after the filing of the motion for summary judgment but prior to the hearing thereon) alleged facts which, if proved, would toll the contractual limitation. As to this, see *Code* §§ 3-801, 3-802; 53 CJS 969, Limitations of Actions, § 26; *Pilgrim Health &c. Ins. Co. v. Chism,* 49 Ga. App. 121, 123 (174 SE 212); *Buffalo Ins. Co. v. Steinberg,* 105 Ga. App. 366, 370 (124 SE2d 681); *Mayor &c. of Athens v. Schaeffer,* 122 Ga. App. 729 (178 SE2d 764); *Lacy v. Ferrence,* 222 Ga. 635 (151 SE2d 763).

This allegation in the complaint is presumed to have been denied by the defendant. *Code Ann.* § 81A-108 (d) (Ga. L. 1966, pp. 609, 619, as amended). Accordingly, the only issue in the case at the summary judgment hearing was whether the policy limitation period had been tolled. "As in any summary judgment case, our inquiry must be whether there remains any genuine issue of fact *after consideration of the pleading* and supporting evidence. *Code Ann.* § 110-1203. *The allegations of both the petition and the answer must be taken as true in a summary judgment case unless the movant successfully pierces the allegations so as to show that no material issue of fact remains.* [Cits.]." (Emphasis supplied.) *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309, 310 (138 SE2d 433). *"Respondent may resist by doing nothing, relying on*

*the failure of the movant to remove all issues of fact from the case;* or by presenting evidence showing an issuable fact." (Emphasis supplied.) *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500). See also *Reed v. Batson-Cook Co.,* 122 Ga. App. 803, 807, supra; *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (1) (170 SE2d 737); *Kroger Co. v. Cobb,* 125 Ga. App. 310 (2) (187 SE2d 316); *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710); 6 Moore's Federal Practice, § 56.04[2], p. 2066.

The cases of *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580), *Jerry Lipps, Inc. v. Lewallen,* 118 Ga. App. 479 (164 SE2d 232), and *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193), do not require the conclusion that the plaintiff's unsupported pleading failed to raise any genuine issue of fact, since those cases are distinguishable in that, in each of them, the movant defendant's showing on the motion pierced the material issues made by the pleadings, thereby requiring an evidentiary response by the plaintiff respondent. Nor did the enactment of *Code Ann.* § 81A-156 (e) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) (of the Civil Practice Act), eliminate the requirement that the pleadings be pierced. See 6 Moore's Federal Practice, § 56.11[3], pp. 2162-2164.

Since the defendant introduced no evidence on this issue made by the plaintiff's amendment to the pleading, this allegation, not being refuted by any evidence, remains a material issue in the case; therefore, the defendant's motion for summary judgment should have been denied.

3. The issue regarding the amendment to the complaint need not be deemed abandoned by the appellant's failure to support it specifically by argument or citation of authority. Court of Appeals Rule 17 (c) (2, 3), applied in *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 816 (168 SE2d 827) is not applicable. The trial judge was bound to consider the pleadings, including the amended complaint, in ruling on the motion, and the appellant's enumeration as error of the granting of the summary

judgment, requires our consideration of the pleadings as amended also, whether specifically argued or not.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Deen, Quillian and Clark, JJ., concur. Evans, J., concurs in the judgment only.*

SUBMITTED MAY 22, 1972—DECIDED DECEMBER 4, 1972—
REHEARING DENIED DECEMBER 20, 1972.

*Carter, Ansley, Smith, McLendon & Quillian, James B. Gurley,* for appellant.

*Swift, Currie, McGhee & Hiers, Clayton H. Farnham,* for appellee.