48005. PRICE v. B-LINE SYSTEMS, INC.

EVANS, Judge. B-Line Systems, Inc. sued Rufus G. Price on open account for the sum of $9,000.15, plus interest and costs. The defendant answered, denying the complaint, and pleaded an affirmative defense of accord and satisfaction and counterclaimed in two counts, seeking damages for $10,000 for plaintiff's malicious and intentional fraud in damaging defendant's business. Motions for partial summary judgment were filed by plaintiff to his main complaint, and as to defendant's counterclaims.

Said motions for summary judgment came on for separate hearings, and on October 26, 1972, judgment was rendered against defendant on his counterclaims. Judgment was thereafter rendered on December 1, 1972, on plaintiff's complaint, but premised on evidence as to the amount due and unpaid on the open account, the amount of judgment awarded was for a less sum than sued for by plaintiff.

Defendant appeals from the judgment of December 1, 1972, but does not appeal from the judgment of October 26, 1972. *Held:*

1. The record shows no appeal nor error enumerated as to the granting of motion for summary judgment as to defendant's counterclaims.

2. The defendant's depositions show that all invoices are correct, except one for $400, and one for $907.20. As to the latter, defendant contended by testimony that it should be reduced by 25%. The trial judge reduced this invoice by 75% (instead of 25%) and disallowed the $400 invoice, and thus, arrived at the amount of $8,373.35, for which he awarded the plaintiff a summary judgment. This was less than the amount to which plaintiff was entitled under the foregoing evidence so far as the accounts go, but of course, defendant is not in position to complain of a mistake in calculation which was unfavorable to plaintiff.

3. But even admitting the invoices to be substantially correct, except in the two instances pointed out, this is not an admission that summary judgment should have been rendered for the plaintiff. There was still left in the defendant's pleadings, undisposed of by any motion or ruling, his affirmative defense of accord and satisfaction. There was a complete failure to "pierce the pleadings" as to this defense.

5. The defendant denied the amount owed on the account "because we have some things they owe us," and again, "as I say, I have things they owe me for." Thus, the evidence shows a running account between the plaintiff and the defendant, and while the credit in favor of the plaintiff is admitted, it does not show the amount of credits which must be applied against the mutual account in favor of the defendant. Nor was defendant required to offer any testimony to that effect for he had no burden of proof on summary judgment. The burden of proof here to show that there was no genuine issue of material fact rests on the party moving for summary judgment, irrespective as to which party would have the burden of proof at the trial on the issue involved.

*Middle Ga. &c. Sales v. Commercial Bank,* 123 Ga. App. 733, 737

(182 SE2d 533).

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

SUBMITTED APRIL 4, 1973—DECIDED MAY 2, 1973.

*Barwick, Bentley & Binford, M. Cook Barwick, Warren W. Wills, Jr.,* for appellant.

*Rose & Stern, George S. Stern,* for appellee.