### 49621. HOME MART BUILDING CENTERS, INC. v. JONES.

PANNELL, Presiding Judge.

1. Where a contractor for the construction of a dwelling upon realty purchases materials to be used therein, the debt for the materials is due when the last material is delivered within the meaning of Code § 67-2002 (3) providing the materialman must bring "an action for the recovery of the amount of his claim within 12 months of the time the same shall become due," unless there is an agreement to the contrary when the materials are purchased. *Dunning & Tuttle v. Stovall,* 30 Ga. 444 (1). A mere agreement to *extend* this due date, once established, will not operate to extend the time for bringing the action for recovery of the amount of the claim. See *Phillips v. Hyde,* 45 Ga. 220 (1), where notes were given, and *Bryant v. Jones,* 90 Ga. App. 314 (83 SE2d 46), where an agreement was had involving a proposed loan to the owner and paying at a later date; nor will a "custom" as to a running account becoming due on the first of January. *McCluskey v. Still,* 32 Ga. App. 641 (124 SE 548). An examination of the record in the case of *Bryant v. Jones,* supra, discloses that the agreement for "extension" in that case was made after the last material had been delivered and the due date thus set.

2. Where, as in the present case, the owner moves for summary judgment upon the action to recover, or establish the claim, as well as to foreclose the lien, the burden is upon the owner to disprove the plaintiff's case in a material part even to the extent of affirmatively proving a negative. See *Kroger v. Cobb,* 125 Ga. App. 310 (3, 4) (187 SE2d 316); *M. R. Thomason & Associates, Inc. v. Wilson,* 125 Ga. App. 658, 662 (188 SE2d 805); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256). And where the owner in such a motion relies solely on the answer

of the plaintiff to interrogatories which shows the last material was delivered on May 31, 1972, and which also, in answer to an interrogatory as to why plaintiff claimed the action brought on June 11, 1973, was within the required time, stated "this debt would have been due not later than June 30, 1972, and as such plaintiff filed its suit in the month of June, 1973, and was, therefore, within the time prescribed by law for the bringing of such suit," this was sufficient to create an issue of fact. See, *Moore v. Martin,* 58 Ga. 411 (1). While the owner, upon whom the burden of proof lay, showed the last material was delivered May 31, 1972, they failed to show there was no proper agreement that the account for material was due on June 30th, as claimed in the answer to the interrogatory. Accordingly, the trial court erred in granting the motion for summary judgment.

*Judgment reversed. Evans and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1974 — DECIDED JANUARY 31, 1975.

*James H. Bone,* for appellant.
*Rogers, Magruder & Hoyt, C. King Askew,* for appellees.