### 50779. CARLTON COMPANY, INC. v. ALLEN.

CLARK, Judge.

Plaintiff was engaged by defendant to make certain repairs on defendant's heavy duty tractor. Upon completion of the work, defendant refused to pay. Thereupon plaintiff filed a mechanic's lien on the tractor and thereafter brought this suit to foreclose the lien. Defendant contended that there had been a failure of consideration because the tractor did not operate properly. The jury returned a verdict in defendant's favor and judgment was entered accordingly. From the denial of his motion for directed verdict, motion for judgment n.o.v., and motion for new trial, plaintiff appeals.

1. "The defense of failure of consideration (whether total or partial) is an affirmative one. CPA § 8 (c) (Code Ann. § 81A-108 (c)). While a plea of total failure of consideration includes a partial failure, upon proof of which the defendant is entitled to an abatement of the purchase price to the extent the consideration may have failed (*Morgan v. Printup Bros. & Pollard,* 72 Ga. 66), the burden of proof in establishing either is on the defendant. *DeLay v. Galt,* 141 Ga. 406 (81 SE 195)." *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (192 SE2d 513).

Plaintiff asserts that defendant has failed to carry the burden of showing a failure of consideration. We disagree. At the trial defendant testified that following the repairs in question the tractor "Still didn't operate and still had jerky motions. You couldn't release your

steering clutch without your brakes locking. And, run it awhile and all the oil would transfer out of your compartment steering clutch to the transmission. You just couldn't operate at all with it." Thus, the jury could conclude that the repair of defendant's tractor was utterly without value. See *Robbins v. Hays,* 107 Ga. App. 12 (128 SE2d 546). The general gounds in the new trial motion are without merit. A fortiori, plaintiff was not entitled to judgment as a matter of law and the trial court was correct in overruling the motion for directed verdict and denying the motion for judgment n.o.v.

2. The case of *Anchor Sign Co. v. PS Heating &c. Co.,* 125 Ga. App. 207 (186 SE2d 892), differs from the case at bar. In *Anchor Sign,* the evidence demonstrated that defendant attained some benefit from the installation of the air conditioning unit. Thus, a total failure of consideration was not established. Here, however, the evidence shows defendant did not use the tractor after the repairs were to have been made. Therefore, a total failure of consideration was demonstrated.

3. Reversible error consists of both error and injury. *McKenney v. Woodbury Banking Co.,* 208 Ga. 616 (68 SE2d 571). Thus, assuming, arguendo, the trial court erred in permitting defendant to relate what plaintiff's service manager told him via telephone concerning the repairs, the error is not cause for reversal. The service manager's statement did not constitute an admission, nor did it bear upon the issue of liability for the repairs.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 25, 1975 — DECIDED SEPTEMBER 3, 1975.

*M. Dale English,* for appellant.
*Griffis & Thomas, Virgil Griffis, Tom W. Thomas,* for appellee.