51029. CEL-KO BUILDERS & DEVELOPERS, INC. v. BX CORPORATION et al.

CLARK, Judge.

On December 13, 1974, plaintiffs, the BX Corporation and Victoria Corporation, brought suit in the Civil Court of Fulton County against defendant, Cel-Ko Builders and Developers, Inc., to recover the principal, interest and attorney fees allegedly due and owing on three promissory notes. Each of the promissory notes (which constitute three separate counts of the complaint) was attached to and made a part of plaintiffs' petition. Two of the notes were executed on October 10, 1973 in the amounts of $2,500 and $1,500. Both of these notes are marked with a handwritten inscription of cancellation ("Paid 12/20/73") on their faces. In addition, the cancellation verbiage is followed by an illegible signature on the $1,500 note and by a rubber-stamped name, "Victoria Corporation," on the $2,500 note. The third note was executed on December 31, 1973 in the amount of $4,000. This note bears no indicia of cancellation.

Defendant filed a timely answer to the complaint, admitting jurisdiction but denying the remaining allegations of indebtedness. Defendant also affirmatively set forth a defense of payment with regard to the $2,500 note sued upon in Count 2. Plaintiffs moved to strike defendant's answer on the ground that it was not verified

in accordance with the local rules of the court. But no action was taken by the court upon this motion.

On January 23, 1975, plaintiffs filed a motion for summary judgment with regard to Counts 1, 2 and 3 of the complaint. Thereafter, plaintiffs amended their complaint by adding Counts 4 and 5 which were predicated upon two additional promissory notes allegedly due and owing. These notes were executed on October 10, 1973 in the amounts of $1,500 and $2,500 respectively. On February 24, 1975, plaintiffs submitted the affidavits of Thelma Y. Wood and Thomas B. West in support of their motion for summary judgment. In her affidavit, Wood averred "I am the executive secretary and bookkeeper for both the Victoria Corporation and the BX Corporation, plaintiffs in this case. I am personally familiar with all the transactions between the plaintiffs and defendant, Cel-Ko Builders and Developers, Inc., and I personally supervised all receipts and disbursements of monies for both corporations at all times relevant to the instant law suit." Thereupon, with regard to defendant's alleged indebtedness, Wood concluded, "The defendant is indebted to the plaintiffs in the amounts set forth in paragraph 2 of count one, paragraph 7 of count two, paragraph 10 of count three, paragraph 13 of count four and paragraph 16 of count five of plaintiffs' complaint as amended."

In his affidavit, West averred, "I am the president of the BX Corporation and the attorney for the Victoria Corporation, plaintiffs in this case. I am personally familiar with all of the transactions between the plaintiffs and the defendant, Cel-Ko Builders and Developers, Inc., and I handled the transactions for the BX Corporation in my capacity as a corporate officer and I handled the transactions for Victoria Corporation in my capacity as attorney for said corporation." As to defendant's alleged indebtedness, West's conclusion was identical to that of Wood. West stated: "The defendant is indebted to the plaintiffs in the amounts set forth in paragraph 2 of count one, paragraph 7 of count two, paragraph 10 of count three, paragraph 13 of count four and paragraph 16 of count five of plaintiffs' complaint as amended."

On the day plaintiffs' motion was argued, May 2,

1975, plaintiffs filed an "amendment" to their motion for summary judgment. Therein, plaintiffs sought summary judgment upon counts four and five in addition to counts one, two and three. Following a hearing on the motion, the trial court entered summary judgment for plaintiffs upon each count of the amended complaint. From this adverse ruling, defendant appeals.

1. The first sentence of Section 56 (c) of the Civil Practice Act (Code Ann. § 81A-156 (c)) governs the timeliness of service for a summary judgment motion. That sentence states, "The motion shall be served at least 30 days before the time fixed for the hearing." Relying upon this provision, defendant argues the trial court erred in granting plaintiffs' motion since plaintiffs did not seek summary judgment upon Counts 4 and 5 until the day fixed for the hearing.

Where a motion for summary judgment is served less than 30 days before the time fixed for the hearing but no prejudice occurs to the party opposing the motion, the trial court may properly proceed with the hearing. Wright & Miller, Federal Practice and Procedure: Civil § 2719. We cannot see how the defendant was prejudiced in this case. Plaintiffs' affidavits (which were filed more than 30 days before the hearing) sufficed to notify defendant that plaintiffs sought summary judgment upon all five counts of the amended complaint.

2. Plaintiffs contend that inasmuch as defendant's answer was not verified and plaintiffs moved to strike the answer, the trial court did not err in granting the motion for summary judgment. This contention is based upon rules 6 and 8 of the Rules of the Civil Court.[1] The fatal

---

[1]Rule 6 provides, in part: "If the plaintiff shall have verified his account or claim or if the suit is on an unconditional contract in writing, a written answer shall be filed setting up the defense. Such answer must be under oath. . ." Rule 8 reads, in part: "In all suits based on an unconditional contract in writing. . . where a defense has not been sworn to by the party filing such defense. . . it shall be the duty of the Judge of the Civil Court of Fulton County to whom application is made to enter a default judgment as if no appearance of any kind or character had

flaw in plaintiffs' argument is that the trial court did not rule upon the sufficiency of defendant's answer. (In fact, a rule nisi never was issued upon the motion to strike.) Had the court stricken defendant's answer, the proper judgment to be entered would have been a default judgment pursuant to Rule 8 of the Rules of the Civil Court and Section 55 (a) of the Civil Practice Act (Code Ann. § 81A-155 (a)). But such was not the case.

The court entered a summary judgment for plaintiffs pursuant to Section 56 (a) of the Civil Practice Act (Code Ann. § 81A-156 (a)). Thus, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Code Ann. § 81A-156 (c).

3. Have plaintiffs demonstrated they are entitled to judgment as a matter of law?

"Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in the evidence,* and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Code Ann. § 81A-156 (e) (Emphasis supplied.) An examination of plaintiffs' supporting affidavits reveals they do not set forth such facts as would be admissible in the evidence. In fact, plaintiffs' affidavits set forth no facts whatsoever; they merely reassert in affidavit form the allegations of the complaint.

---

been made; *provided,* however, that said case has been duly published in the calendar of the Court and has come on regularly for hearing, or *that a written motion to strike such defense or appearance shall be made to a Judge of the Court, who shall issue a rule nisi returnable at least two days after service is perfected."* (Emphasis supplied.) These rules do not conflict with our Civil Practice Act. See CPA § 11 (Code Ann. § 81A-111) which states in part: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Accordingly, they "are binding and must be observed." Code § 24-106.

"Ultimate or conclusory facts and conclusions of law, as well as statements made on belief or 'on information and belief,' cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will be disregarded." Wright & Miller, Federal Practice and Procedure: Civil § 2738, p. 695. Accordingly, plaintiffs' affidavits are not sufficient to eliminate the genuine issues of material fact raised by the defensive pleadings filed below. See generally, *Corbin v. Gulf Ins. Co.*, 125 Ga. App. 281 (187 SE2d 312).

4. The trial court erred in granting plaintiffs' motion for summary judgment.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 6, 1975 — REHEARING DENIED NOVEMBER 26, 1975.

*Stephen F. Carley,* for appellant.

*William J. Dawkins, Marvin P. Nodvin,* for appellees.