52222, 52260. HEIMANSON v. MEADE (two cases).

WEBB, Judge.

1. In Case No. 52222 the defendant Heimanson appeals from summary judgment against him based on a balance due on a promissory note executed by him to Meade. Following that appeal, Meade requested and obtained in the trial court an order requiring Heimanson to post a supersedeas bond, and Case No. 52260 represents the appeal from the latter judgment. After both cases were docketed in this court Meade moved for the grant of supersedeas by this court and abandoned the motion which he had filed in the trial court. This court by order dated April 28, 1976, granted supersedeas under the provisions of Code § 6-1002 (b), the result of which order is to render moot the appeal in No. 52260.

2. It is contended that the plaintiff's answers to the defendant's requests for admission should have been stricken because they were not properly signed "by the party or his attorney" under Code Ann. § 81A-111. The answers were submitted jointly by an Atlanta law firm

and Rose and Woodward of Tampa, Florida, over the signature of David Woodward of the latter firm. At the same time Woodward filed a notice of appearance designating himself "of counsel" to the Atlanta firm.

Under Rule 1-203 of the State Bar of Georgia (Code Ann. Title 9, Appen. 1-203), members of the Bar in good standing of other states may appear in the courts of this state in isolated cases in the discretion of the trial judge. While the judge may refuse to allow it (*Pence v. Seaboard C. L. R. Co.,* 128 Ga. App. 161 (196 SE2d 182)), the appearance made here is one of the most usual and necessary uses which a resident law firm may make of an associated nonresident attorney; and in the absence of any objection and ruling thereon in the trial court, we will not outlaw the appearance for the first time here. *Allen v. Seaboard C. L. R. Co.,* 128 Ga. App. 391 (1) (196 SE2d 878); *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

3. The remaining question is whether a reviewing court may properly direct a summary judgment for a plaintiff by declaring ipse dixit that the defendant's pleaded defenses are "a sham."

To this suit on a note defendant pleaded as his fourth defense "That there has been a total failure of consideration upon said note flowing from the plaintiff to the defendant," as his fifth defense "That tender of the instalment allegedly due upon said note was made and refused," and as his sixth defense "That the plaintiff has failed to comply with the Georgia law governing suits upon such instruments."

In his affidavit in support of his motion for summary judgment, plaintiff stated that defendant failed to make the payment due July 1, 1975 and had refused to accede to demands for payment made since that time. Under these circumstances the plea of tender was prima facie pierced, requiring defendant to come forward with counter proof. Plaintiff thus met his summary judgment burden as to the fifth defense.

As to the fourth and sixth defenses, however, plaintiff has made no such showing. It was not necessary for the defensive pleading to be verified or accompanied by affidavit. Code Ann. § 81A-111. While conclusions may not generally be used in *affidavits* to support or oppose

summary judgment motions, conclusions may generally be *pleaded* under the Civil Practice Act; and the defenses of failure of consideration (fourth defense) and wilful failure to comply with the Intangible Tax Statute (sixth defense) are not matters required to be pleaded with particularity. Code Ann. § 81A-109. Plaintiff did not move to strike these defenses, nor did he move for a more definite statement. In any event "total failure of consideration" has a definite purport and means the property was wholly without value. *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 126 (192 SE2d 513); *Carlton Co. v. Allen,* 135 Ga. App. 658 (218 SE2d 666).

Since pleadings which have not been pierced, including conclusory ones, do create issues for jury resolution (*Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784 (2) (195 SE2d 277); *Vitiaz v. Chrysler Credit Corp.,* 135 Ga. App. 606 (3b) (218 SE2d 313)), it was incumbent upon *plaintiff* to *negate* these properly pled defenses *"even to the extent of affirmatively proving a negative." Home Mart Bldg. Centers v. Jones,* 133 Ga. App. 822 (212 SE2d 476). (Emphasis supplied.) Plaintiff has "failed to show entitlement to summary judgment because, construing every inference against [him] as we must on [his] motion [cit.], [he has] not carried the burden of *proving the negative,* that is, of ruling out as a matter of law *all possibilities* of the contract that buyer claims could have been reached." *Duval & Co. v. Malcom,* 233 Ga. 784, 787 (214 SE2d 356) (1975). (Emphasis supplied.) Accord, *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710); *Kroger Co. v. Cobb,* 125 Ga. App. 310, 312 (4) (187 SE2d 316); *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (210 SE2d 845).

The argument is made, however, despite the requirement of Code Ann. § 81A-156(e) that the motion be made *"and supported* as provided in this section,"[1] that there was somehow some burden upon defendant, even though he was the nonmoving party, to do something with

---

[1] "When a motion for summary judgment is made *and supported* as provided in this section, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise

respect to the fourth and sixth defenses. The fallacy lies in the assumption that once a motion for summary judgment is made, whether properly supported or not, the burden is then cast upon the opposing party to come forward with proof to support his pleadings.

This motion, although a chronically recurrent one, was explicitly refuted at least as early as Judge Bell's opinion in *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245) (1968): "Defendants contend that the court erred in denying their motion for summary judgment because there was no evidence in support of plaintiff's specifications of negligence. The fallacy of this argument is that it is contra to the rule that the burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment. [Cits.] No duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. [Cits.]"

As has been held over and over again, "Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings." *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (2) (170 SE2d 737). The opposing party is not required "to present his case in full" (*Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173)) or to do anything at all with respect to the motion for summary judgment until it "is made *and supported* as provided in this section." Code Ann. § 81A-156(e). (Emphasis supplied.) "Respondent may resist *by doing nothing,* relying on the failure of the movant to remove all issues of fact from the case. . ." (Emphasis supplied.) *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500); *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784, supra. Accord, *Southern Protective Products Co. v. Leasing International, Inc.,* 134 Ga. App. 945, 946 (1) (216 SE2d 725).

---

provided in this section, must set forth specific facts showing that there is a genuine issue for trial." Code Ann. § 81A-156(e) (Emphasis supplied.)

Here the plaintiff, as the moving party, has simply failed to address himself to the fourth and sixth defenses and has made no attempt to show that he had *not* wilfully failed to list the note for taxation or to pay the taxes, penalties and interest as required by the Georgia Intangible Tax Statute, Code Ann. §§ 92-118, 92-125; *Moore v. Todd,* 223 Ga. 702 (157 SE2d 587) (sixth defense), and that the consideration for the note, which was the sale of a residence, did *not* fail. For all that appears from the record, the house may have been eaten up by termites, the foundation may have crumbled, it might have been declared a nuisance to be abated at defendant's expense, it might have been taken by eminent domain prior to passage of title, or any number of other possibilities. Had plaintiff-movant shown in his affidavit that the house had *some* value, perhaps the burden would then have shifted as to this defense unless precluded by the rule that a plea of total failure of consideration includes the defense of partial failure of consideration. *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715 (4) (49 SE2d 677); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 126, supra.

But the point is that plaintiff simply failed to show *anything* with regard to the value of the house, and that is the trouble with this case. There is no way that a reviewing court can, with propriety, declare a defense a "sham" until it has been made so to appear by proper proof, and the burden to do so was upon plaintiff-movant. "There was a complete failure to 'pierce the pleadings' as to this *defense . . . Nor was defendant required to offer any testimony to that effect for he had no burden of proof* on summary judgment." *Price v. B-Line Systems, Inc.,* 129 Ga. App. 34, 35 (198 SE2d 328) (1973). (Emphasis supplied.) Thus it makes no difference whether a defense, such as failure of consideration, is an affirmative one or not — plaintiff has the burden on plaintiff's motion, just as defendant would have the burden on defendant's motion even though he would not have the trial burden.

We reverse the grant of summary judgment to plaintiff and remand for further proceedings since the issues raised by the fourth and sixth defenses have not been removed from the case. As we said in *Watkins*

*Products, Inc. v. England,* 123 Ga. App. 179 (3) (180 SE2d 265): "The positive allegations *of the defendants' answer . . .* must be overcome in order for the *plaintiff* in moving for summary judgment to be entitled to judgment as a matter of law. The burden of proof always lies *with the movant* for summary judgment and this burden must be carried by movant *before* the opposing party is required to refute the evidence submitted by the movant." (Emphasis supplied.)

*Judgment reversed. Bell, C. J., Clark, McMurray and Smith, JJ., concur. Deen, P. J., Quillian, P. J., Stolz and Marshall, JJ., dissent.*

SUBMITTED MAY 24, 1976 — DECIDED OCTOBER 27, 1976; CASE NO. 52222 REHEARING DENIED NOVEMBER 24, 1976 —

Neil L. Heimanson, *pro se.*
*Smith, Harman, Asbill, Roach & Nellis, Richard D. Elliott,* for appellee.

DEEN, Presiding Judge, dissenting.
I find the third division of the majority opinion highly disturbing, and dissent therefrom, because as written it is an invitation to any litigant to file sham defenses and ambush the court into granting a jury trial because the opposing party failed to negate an alleged defense which is itself so conclusory, and so vague, that its purport cannot be determined from the pleadings. This makes shambles of the concept of the legal purpose of motions for summary judgment, and defeats the intent of a just, speedy and inexpensive determination of every action. Code § 81A-101.
(a) The sixth defense to this suit on a note is that the plaintiff "refused to comply with the Georgia law governing suits on such instruments." So far as the record shows the note is good, the petition is good, and all legal requirements have been complied with. Whatever issue was intended to be raised by this defense does not appear. The defendant filed nothing to oppose the motion for summary judgment, not even an affidavit denying liability. The rule as to notice pleading is correctly stated

in *Woods v. Canady,* 126 Ga. App. 389 (190 SE2d 920): "It now suffices to plead conclusions, whether of fact or of law, *provided the pleading is sufficiently definite so as to give fair notice to the opposite party of the precise nature of the matters thereby raised and sufficiently inform the court to determine the question presented."* (Emphasis supplied.) In other words, and this is particularly applicable where the question arises on motion for summary judgment, there must be *some fair notice given* of the matters raised so as to sufficiently inform the court, so that he can determine the question presented. This is precisely what was *not* done. The suit on this note so far as can be determined complies with Georgia negotiable instrument law. Now the defendant in *this* court seeks to produce new facts and to contend that the plaintiff *wilfully failed* to list certain property for taxation in contravention of Code § 92-125 relating to taxation of property. Nothing indicates that this issue was ever raised in the trial court. At the very least, notice pleading is not notice unless the parties are aware of what the point at issue may be. Nowhere does the defendant attempt to show that this was his argument below. Nothing in the record supports the proposition that the plaintiff *wilfully failed* to pay anything, or, if so, what bearing it would have on this litigation. Nothing gives notice of this so-called defense so that it would occur to the trial judge to consider it or the opposing party to disprove it. If this is the rule, we should abandon summary judgment as a legal tool altogether.

(b) The fourth defense was the unsworn statement "that there has been a total failure of consideration upon said note." The record itself conclusively shows this conclusion is untrue, since it is recognized by both parties that the note was a purchase money note on a house purchased and received by the defendant. This statement, again, means nothing unless the defendant on the summary judgment hearing gives some indication that there is a jury issue regarding failure of consideration. As Judge Clark stated in *Carlton Co. v. Allen,* 135 Ga. App. 658 (1) (218 SE2d 666): " 'The defense of failure of consideration (whether total or partial) is an affirmative one . . .' *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (192 SE2d 513)." The mere unsworn conclusory statement is

again disproved by the record unless it is backed up by affidavit or otherwise. "Ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion." *Cel-Ko Builders &c., Inc. v. BX Corp.,* 136 Ga. App. 777, 781 (222 SE2d 94).

Code § 81A-156 (e) provides that the party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." This statute was quoted in *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173) with the following comment: "It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present his case in full. *Crutcher v. Crawford Land Co.* [220 Ga. 298, 303 (138 SE2d 580)]; *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (115 SE2d 374)." That case further stated: "When viewed in proper perspective under present practice in Georgia, summary judgment under our law is just what the name implies. It is an abbreviated trial, but of no less importance than any other trial on the merits of the case. One must prepare for a summary judgment hearing with the same thoroughness and expectation of finality one must contemplate for any trial."

I am authorized to state that Presiding Judge Quillian and Judges Stolz and Marshall join in this dissent.