## 52761. FIRST NATIONAL BANK & TRUST COMPANY OF AUGUSTA v. AMF SKAMPER CORPORATION.

SMITH, Judge.

AMF Skamper Corp. brought a trover action against the First National Bank & Trust Co. of Augusta based on the alleged conversion of four camper trailers by selling the same on or about July 26, 1974 to unknown persons to plaintiff's damage in the sum of $3,410. The defendant's response denied the material allegations of the complaint and further plead res judicata because all the issues in the present case were adjudicated in "Bankruptcy No. 174-139 in the U. S. District Court of the Southern District of Georgia" wherein plaintiff was a participant, by order dated July 26, 1974.

Defendant's answers to interrogatories by the plaintiff showed that the defendant acquired possession of the subject campers and 16 others on July 26, 1974 from the trustee in bankruptcy in case No. 174-139 in the U. S. District Court of the Southern District of Georgia under an order of the bankruptcy judge of the same date and that the subject campers together with the 16 others was sold by defendant to Poss Trailer Sales for $26,000 unallocated price; that defendant "purchased" the subject campers along with 16 others for an unallocated price of $14,428 from the trustee in bankruptcy. Attached to the interrogatories was the order referred to of July 26, 1974 entitled, insofar as the present case is concerned "In the Matter of Truett Company, Inc., et al. In Bankruptcy No. 174-139." The order was named "Order Confirming Trustee's Application for Leave to Compromise a Controversy" and read as follows:

"In open Court on July 26, 1974, Benjamin E. Pierce, Jr., Trustee in the captioned Estates, having orally made his Application for Leave to Compromise a certain controversy which exists between him in his official capacity and the First National Bank and Trust Company of Augusta, Georgia, said Bank being represented and having appeared in said Hearing, the Small Business Administration, an adverse claimant being represented and having been heard at said Hearing,

"It having been made to appear to the Court that the Trustee has at previous times carefully examined the documents and claims of First National Bank and Trust Company with respect to its lien as against certain 'campers' later enumerated herein, and that a controversy with respect to the rights of the Trustee and First National Bank does exist in fact,

"The Trustee having made Application for Leave to Sell the property hereinafter described,

"It appearing to the Court that First National Bank and Trust Company has offered to settle such controversy with the Trustee of this Bankruptcy Estate by a payment to the Trustee of the sum of $14,428 in exchange for a release of the described property in favor of First National Bank, said compromise being beneficial to these Bankruptcy Estates and to the parties generally,

"The property referred to herein is scheduled and described in a receipt dated May 6, 1974, signed on behalf of the First National Bank and Trust Company of Augusta, a copy of which is hereto annexed as Exhibit A, which Exhibit described by serial number twenty (20) 'campers' which bear the names Scamper, Coleman and Coachman,

"Accordingly, it is hereby ordered that the proposal of Compromise submitted orally in open Court on this date by the Trustee having been heard before the other parties interested therein is hereby approved and confirmed,

"Further ordered that the rights of the Small Business Administration as a lien claimant against the described property shall be and remain vested and preserved as to the fund of $14,428.00 generated by this Sale according to the later determination of the Court and with such costs being assessed as by the equities may appear,

"Further ordered that Notice hereof shall be given to Creditors and parties in interest by the mailing of a copy hereof instanter."

It appears from answers by the defendant to request for admission of facts by the plaintiff that the bankruptcy petition was filed on May 7, 1974 and an attached notice showed the Truett Company, Inc. was doing business in

several trade names including "Sea, Land & Air," and that the trustee in bankruptcy had petitioned, on June 27, 1974, for leave to sell free and clear of liens the assets of the bankrupt estate without delay and a hearing was set for July 22, 1974, and that notice thereof was given to various parties which among them was "AMF Head Ski & Sportswear, Inc." All of this appears from the certified copies thereof. The certified copies do not disclose the complainant was either named to be served, or served with, this notice although "AMF Ski & Sportswear, Inc." was typed in on the notice. It also appeared Harold S. Skinner was president of Truett Co., Inc. There was no evidence or pleading indicating whether complainant was the same as, or connected with, the above named concerns.

The following letters from the defendant to the complainant, admittedly referring to the four subject campers, were admitted genuine and are part of the record.

> "Ref: Unit 292, Unit 31077
> Unit 31179, Unit 293
> Sea, Land & Air Sales &
> Service

"Dear Sirs:

"Harold Skinner, owner of the above referenced company, has requested that we return the enclosed invoices and certificate of origins recently committed for payment on his floor plan with our bank. He has stated that you now carry floor plan and he wishes these units carried by your company instead of putting them on his floor plan with us.

"If there are any questions concerning this, please call me."

"Dear Sirs:

"Our records indicate that we have at this time four campers committed to your company for payment on floor plan. Mr. Harold Skinner has never consented for the funds to be disbursed and we are now carrying the outstanding in our suspense file. This is to advise that today we received a notice of a petition of bankruptcy

(copy attached) on Sea, Land and Air Sales & Service which is our mutual dealer. As soon as the first meeting of creditors has been held we will advise so that you may take appropriate action to have your campers picked up.

"If I can be of any service to you or you wish to discuss this matter with me, please do not hesitate to call me."

There was no evidence as to whether or not the complainant had notice of the bankruptcy proceedings or the sale or the compromise hearing other than these letters. Both complainant and defendant made motions for summary judgment. The complainant's motion for summary judgment was granted and the defendant appealed relying on its claim of res judicata and lack of proof of title in the claimant. Claimant relies solely on the two letters from the defendant as proof of title or a superior right of possession. *Held:*

The letters referred to are insufficient to show title, inchoate or otherwise in the complainant; nor are they sufficient to show a right of possession in the complainant. Without a superior title or a superior right of possession the complainant is not entitled to recover; and being the movant on the motion for summary judgment granted in its favor, it was compelled to prove its right of action and the liability of the defendant. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442). Having failed to do so, it was not entitled to summary judgment. Under these circumstances, it is not necessary to determine whether or not the defense of res judicata was pierced by plaintiff. See *Heimanson v. Meade,* 140 Ga. App. 534.

We might state further there was no evidence as to the damages; however, the trial judge did not enter a judgment for any amount and was no doubt merely adjudicating liability under Par. (d) of § 56 of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156 (d)). We assume that such was the case and decide this case accordingly.

*Judgment reversed. Deen, P. J., concurs. Webb, J., concurs in the judgment only.*

Submitted October 4, 1976 — Decided November 12, 1976.

*David E. Hudson,* for appellant.
*Michael C. Garrett,* for appellee.