## 58140. GEORGIA HEALTH CARE, INC. v. LOEB.

QUILLIAN, Presiding Judge.

The plaintiff (appellee), as trustee in bankruptcy for Hunt, Enloe, West, McLean and Associates, Inc., brought this action against the defendant corporation (appellant) seeking to recover under a contract for architectural services. The defendant's answer denied the material allegations of the complaint. The plaintiff moved for summary judgment based on affidavits and documentary evidence. Also available for the court's consideration was information obtained by discovery and two depositions taken of the defendant's secretary-treasurer and president.

After a hearing, the trial judge entered a detailed order describing the basis of his conclusions and finding for the plaintiff in the amount of $5,750 plus interest. The defendant appealed. *Held:*

1. The plaintiff, as movant for summary judgment, has the burden of establishing the absence of any genuine issue of material fact and of his right to recover as a matter of law. *Stratton & McLendon, Inc. v. Cameron-Brown Co.,* 140 Ga. App. 430 (231 SE2d 447). The defendant, as the party opposing the motion, is entitled to all favorable inferences and the evidence is to be construed most strongly in his favor. *Schermerhorn v. Greater DeKalb Plumbing &c. Co.,* 134 Ga. App. 517 (215 SE2d 582). "[A]ll of the evidence adduced on said motion, including the

testimony of the party opposing the motion, must be construed most strongly against the movant." *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1) (183 SE2d 78), citing *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866).

2. In establishing the terms of the contract between the parties the plaintiff relies on Code § 38-120 which requires "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." However, the presumption arising from a failure to answer a letter is not a presumption of law, but one of fact, and subject to explanation. *Whitaker v. Paden,* 78 Ga. App. 145 (3) (50 SE2d 774); *Travelers Ins. Co. v. Sheppard,* 85 Ga. 751 (21) (12 SE 18).

Here the plaintiff predicates recovery on a letter which states: "In order to work on an equitable and fair basis for all parties, we suggest that our work be done on an hourly basis with a guaranteed maximum. It is our estimate that the preliminary work including on-site survey of existing facility and proposed location of Addition as well as preliminary design and drawings of the Addition, obtaining State Health Department approval together with working drawings and specifications for architectural, structural, mechanical and electrical portions of the work, and on-site observation during the construction period should not exceed $15,000. Savings from this would revert to the Owner . . . Charges will be calculated at 2 1/2 times consultant fees and direct reimbursement for expenses." Nevertheless, the strict terms contained therein do not express the entire agreement; for, the plaintiff asserts in his brief: "Pursuant to the original agreement, Appellant agreed to pay Appellee an hourly rate with a guaranteed maximum of $10,000.00 plus reimbursement of out-of-pocket expenses, said funds to come from the proceeds of a construction loan to be obtained by the Appellant for financing the project. The balance of $5,000.00 was to be paid during the construction stage of

the Julie Lee Project for additional services to be performed by Appellee-Architects."

The president of defendant testified by deposition that the agreement was "They were going to keep set costs, and if it run less than $15,000, it would be less, but I always called it $15,000, because I know in a trade like that they're going to make it the maximum. They were to complete my plans to build the Julie Lee Nursing Home. They were to take care of all government agencies. They were to give me a list of materials and specs, and they were to let out the bids, and for that they were to get $10,000 on my first draw, whenever they completed the plans, and they said they'd get through in about four months time. So I told them six months, and the $10,000 would give me a complete set of plans approved by the government, and then I was to — they were to advertise in some kind of a magazine or something they put out for bids."

The proof offered was therefore sufficient to sustain a finding for the plaintiff but not to *demand* a finding as to the contractual terms. Moreover, even though the testimony given by defendant's president was equivocal and contradictory (see *Burnette Ford, Inc. v. Hayes,* 124 Ga. App. 65 (1), supra), it still served to dispute the fact whether there was a breach by the defendant and raised doubts as to the subsequent agreement for payment to be made at a rate of $500 per month instead of from the proceeds of a construction loan.

It should be further observed that the amount sought was $10,000 and the trial judge deducted $4,250 paid by the defendant in arriving at the sum awarded, $5,750. However, the defendant had paid the plaintiff an additional $1,000 on an invoice. Although the plaintiff urges that this sum was for expenses and not for the contract price, insofar as the record reveals the plaintiff failed to establish the fact as a matter of law. The invoice itself merely reveals the sum of $1,177.85 for "Technical Employees" and $19.31 for "Reimburseable Expenses." While the latter sum would fall within the contractual agreement as regards "expenses," the category of the $1,177.85 is ambiguous and cannot be construed as compelling a finding that it be included under "expenses" rather than as part of the main contract price.

It was error to grant the plaintiff's motion for summary judgment.

*Judgment reversed. Smith and Birdsong, JJ., concur.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 14, 1979.

*Gus L. Wood,* for appellant.
*J. Christopher Simpson,* for appellee.