## 62213. POLLARD v. FARIS et al.

DEEN, Presiding Judge.

1. This is an appeal by the plaintiff Pollard from the grant of summary judgment to the defendants in a personal injury action resulting from an automobile collision. We apply the usual rules of construction. All inferences will be indulged in favor of the party opposing the motion. *Drake v. Leader Nat. Ins. Co.,* 153 Ga. App. 314 (265 SE2d 114) (1980). This is true even though the movant may not be the party upon whom the burden of proof lies upon the trial of the case. *Combs v. Adair Mtg. Co.,* 245 Ga. 296 (264 SE2d 226) (1980). And it includes the burden resting upon the movant of establishing the nonexistence, as well as the existence, of any pertinent issue of material fact. *Taylor v. Taylor,* 243 Ga. 506 (255 SE2d 32) (1979). Thus, the burden is on the movant to establish that the opposite party was capable of contracting if such becomes relevant to the question at issue. *Wheat v. Montgomery,* 130 Ga. App. 202, 206 (202 SE2d 664) (1973). "It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's, or if it does no more than disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely." *Shadix v. Dowdney,* 117 Ga. App. 720 (162 SE2d 245) (1968). "The defendant [on the trial of the case] is entitled to the benefit of a presumption that Mrs. Wheat was normal and possessed of her mental faculties and fully capable of contracting... nothing appearing to the contrary ... and upon a trial this would be sufficient under the evidence as it stands to call for a directed verdict. But the rule is different in summary judgment proceedings; the incidence of the burden of proof is different. On the trial the plaintiff, asserting her incapacity to contract because she was taking prescribed drugs, has the burden of proving that she was not, at the time of signing the releases, capable of contracting, while on summary judgment the movant has the burden of showing that she was capable ... [I]n the face of her assertion of incapacity, movant must, on summary judgment, rebut the claim. On a trial the rule is otherwise; plaintiff there has the burden of sustaining her claim." *Wheat v. Montgomery,* 130 Ga. App. 202, supra.

2. The undisputed evidence offered by affidavit and deposition on the hearing of the motion for summary judgment is substantially as follows: Plaintiff Faris, in the cab of his truck, was proceeding along the highway when he topped a hill and saw a car approaching on his side of the road, approximately 8 or 10 car lengths ahead of him. He pulled to the right as far as possible, honked, came to a full stop, and put the car in neutral or reverse, when he was hit head-on. His

head went through the front windshield, bounced back, and cracked the glass partition between the back of his seat and the rear of the truck. He was knocked unconscious and, when he came to, was dazed and could not stand. In the subsequent months, he suffered increasingly violent headaches and on several occasions went into violent rages in which he committed acts of destruction on automobiles and a guitar. He was not aware of when these fits took place, did not remember them afterward, and apparently could not foresee their imminent approach. They ceased about a year after the accident. Prior to that time he had been in good health and had not suffered any mental aberrations. There appear in the record the affidavit and notarized statement of Dr. Richard Franco, a neurologist who diagnosed a post-concussive syndrome consisting of positional vertigo and intermittent vascular headaches, accompanied by acute rage reactions and dissociative episodes which he concluded to be triggered by the post-concussive symptoms and to be related to some of the consequences of his accident. This is opinion evidence which, although insufficient to authorize the grant of a summary judgment (*Blackstone Industries v. Andre,* 232 Ga. 715, 208 SE2d 815, 1974) is sufficient, when offered by the opponent, to preclude the grant and thus make a case for jury decision. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393) (1969); *Harrison v. Tuggle,* 225 Ga. 211 (167 SE2d 395) (1969). It appears from the court's conclusions of law in the order in this case granting a summary judgment to the defendant that he was led astray by failing to realize the effect of the medical opinion evidence and ruling that it was not admissible for any purpose because "not based on affiant's personal knowledge." The affiant was a neurologist, a medical expert to whom the plaintiff had been referred, and his conclusions, based on his examination and diagnosis, should have been considered by the trial court, and, when considered, were sufficient to preclude this motion both on the issues of negligence and injuries to the plaintiff.

3. It is also contended that a summary judgment was properly granted because the plaintiff received and cashed a check for $800, signed a complete release and never tendered back the benefit. Such a release, of course, would under those circumstances constitute an end to the litigation. *Conklin v. Liberty Mut. Ins. Co.,* 240 Ga. 58 (239 SE2d 381) (1977); *Riker v. McKneely,* 153 Ga. App. 773 (266 SE2d 553) (1980). We grant that the plaintiff's statements that the $800 check was intended only to apply to property damage would not in and of itself be sufficient to relieve the plaintiff of the consequences of his actions in signing the release, accepting the check, and keeping the proceeds. However, under the evidence here and the case of *Wheat v. Montgomery,* 130 Ga. App. 202, supra, a jury question was

presented on the mental capacity of the plaintiff at the time of the transaction. Further, we find that he is not estopped to so contend by a failure to tender the proceeds of the check. A letter from the plaintiff's attorney to the insurer handling the case offered back the money advanced ($800.16) plus interest and stated that "through this office Mr. Pollard is prepared to immediately pay interest on this sum as well. Please compute the proper amount and inform this writer immediately so that said sum might be forwarded to you." No reply was received. "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." Code § 38-120. "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Code § 38-409. It was the duty of the recipient, whether the "tender" was legally sufficient in form or not, to reply and, if it was willing to receive the proceeds, to state the amount due as requested. Failure to do so or to object to the form of the tender gives rise to a prima facie presumption that the offer is refused. Where a person otherwise entitled to strict tender of payment by conduct or declaration proclaims that the tender if made would be refused, the necessity of a formal legal tender of the exact amount of the debt is obviated. *Burnam v. Wilkerson,* 217 Ga. 657 (124 SE2d 389) (1962); *Fitzgerald v. Vaughn,* 189 Ga. 707 (7 SE2d 78) (1940); *Ansley v. Hightower,* 120 Ga. 719 (48 SE 197) (1904); *Waldrop v. Bettis,* 223 Ga. 715 (157 SE2d 870) (1967); *Hefner v. Hall,* 223 Ga. 148 (154 SE2d 197) (1967). Here there is a justifiable inference that the tender, if carried out in all formality, would still be rejected and the burden was on the movant to explain its failure to reply to the letter or to object to the offer if it were legally entitled to do so.

Since there were issues for jury determination it was error for the trial court to grant the defendants' motion for summary judgment.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 21, 1981 —

*Clifford J. Steele,* for appellant.
*John F. Daugherty, Louis W. Rice III,* for appellees.

CARLEY, Judge, concurring specially.

I concur fully in the judgment reversing the grant of summary judgment in this case. I also agree with all that is said in Divisions 1 and 2 of the opinion. I further endorse the ruling of Division 3. However, I am not convinced of the applicability of the statutory provisions relied upon by the majority nor am I certain that the failure to answer the letter constitutes "a justifiable inference that the tender, if carried out in all formality, would still be rejected" so that, under the cases cited, a formal tender is unnecessary. However, I do agree with the majority that the defendant's failure to reply to plaintiff's letter is crucial because "if the party to whom tender is to be made should obstruct or prevent a tender, [there is] no reason why in that event tender should not be held to have been waived. It would be unfair for the first party to a contract to purposely avoid and prevent the performance of a contract by the other party." *Blount v. Lynch,* 24 Ga. App. 217, 221 (100 SE 644) (1919). Thus, while I do not believe that the failure to answer this particular letter could be construed as an admission or as an indication that the ultimate tender proposed would be refused, I do believe that the defendant's failure to respond in any way could be found to be an attempt to obstruct or prevent the tender. Therefore, it is clear that summary judgment was improperly granted in this case.