## 69140. LYONS MANUFACTURING COMPANY, INC. v. CEDARBAUM.
### (329 SE2d 559)

BEASLEY, Judge.

Defendant-appellant Lyons Manufacturing Company appeals from a verdict and judgment for plaintiff-appellee Cedarbaum in his action to recover on an alleged contract for commissions.

In 1976 the parties entered into an oral arrangement whereby appellee was authorized to solicit business for appellant, a manufacturer of shirts and blouses. Appellee did solicit some business and was paid some compensation by appellant. In 1981 appellee brought this action alleging breach of a commission agreement for alleged unpaid commissions. At trial appellee's evidence was that the agreement was that he was to be compensated by a commission based on a percentage of labor cost of production for blouses sold to purchasers he had located. Appellant's evidence was that there was no commission agreement and that appellee was paid a finder's fee for obtaining business from one company. Judgment on the jury's verdict of $9,500 for appellee was entered. *Held*:

1. During the course of the trial appellee placed in evidence numerous letters he had written to appellant, to which appellant did not reply in writing. In the last few of this series, appellee asked for payment stating that he had only received $800 and was entitled to far more than that based on their agreed percentage of net labor cost. No written responses were made but telephone conversations between the parties took place after they were received as well as before, on the subject matter.

Based on these letters which set out appellee's version of what the agreement was, appellee requested and the court gave the following charge taken from OCGA §§ 24-4-23 and 24-3-36; "[I]n the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving the letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent and to adopt them . . . . [A]cquiesence or silence when the circumstances require an answer, a denial or other conduct, may amount to an admission."

Appellant objected to this charge for several reasons: First, that there was no issue as to the propriety of plaintiff's *acts* but rather whether the letters created an agreement in the absence of any communication of assent by defendant. The objection was that the charge authorized the jury to take the failure to answer the letters as agreement by the recipient and thereby a constitution of a contract. The second objection was that the charge deprived the jury of defendant's explanations for not answering the letters, which were that some of them required no answer because they were just reporting the results

of plaintiff's efforts and others were after the fact and thus did not require answers. Since the dispute had already arisen, he argued, not responding could not create a contract. Thirdly, the objection was that the charge was incomplete because even if the law created a presumption, it was rebuttable in that the lack of a response was subject to explanation, such as that the response was oral. Counsel expressly stated that the charge would be complete if the court had added that the presumption is one of fact, not one of law, and could be explained.

On appeal, defendant asserts the charge was error, having properly preserved the question. *Dept. of Transp. v. Brand*, 149 Ga. App. 547, 550 (6) (254 SE2d 873) (1979), overruled on other grounds, *MARTA v. Dendy*, 250 Ga. 538 (299 SE2d 876) (1983). See also OCGA § 5-5-24 (a).

*Pollard v. Faris*, 159 Ga. App. 363 (3) (283 SE2d 338) (1981), is illustrative of the application of these code sections, where we said: "Failure to [reply] or to object to the form of [the letter] of the tender gives rise to a prima facie presumption that the offer is refused . . . Here there is justifiable inference that the tender, if carried out in all formality, would still be rejected and the burden was on the movant to explain its failure to reply to the letter or to object to the offer if it were legally entitled to do so." Id. at 365.

"[T]he presumption arising from a failure to answer a letter is not a presumption of law, but one of fact, and subject to explanation. [Cits.]" *Ga. Health Care v. Loeb*, 151 Ga. App. 350 (2) 351 (259 SE2d 734) (1979).

In the instant case, we pretermit whether appellee's letter demand for payment setting forth his version of the terms of the parties' agreement falls within the scope of OCGA §§ 24-3-36 and 24-4-23. We point out, however, that the principle with respect to letters is applicable "where two parties have carried on a mutual correspondence in reference to a particular matter, and one of the parties has written a letter to the other making statements concerning a subject of which the latter has knowledge, and which the latter would naturally deny if not true. However, a failure to reply to statements made in a letter, which is not a part of a mutual correspondence is not considered an implied admission by the addressee of the truth of the statements." *Western Union Telegraph Co. v. Nix*, 73 Ga. App. 184, 191 (3) (36 SE2d 111) (1945). It was applied in *Merry v. Ga. Big Boy Mgt.*, 135 Ga. App. 707, 710 (3) (218 SE2d 694) (1975), where mutual written correspondence was found. What is dispositive, however, is that we find the charge to be erroneously incomplete as it does not include any clarification that the presumption stated was not one of law but of fact and subject to explanation; in other words that it was a rebuttable presumption. Such further explication was particularly

pertinent here, as there was evidence that defendant had in earlier telephone conversations rejected the position maintained by plaintiff in the letters, and some of the letters were not sent until long after the work had been done.

Thus, the charge given, which was repeated in recharge, heavily favored appellee with an apparently conclusive presumption that appellant admitted as correct what the appellee stated the agreement was in his letters, and adopted the statements, by not formally answering the letters in writing. As a matter of fact, this was plaintiff's position, as demonstrated by the ground argued in support of his motion for a directed verdict after all the evidence was submitted. Because of the sharp conflict in the evidence which rested upon the credibility of appellee and appellant's president as to what the agreement between them was, we cannot hold as a matter of law that this erroneous charge did not influence the jury's verdict. Accordingly, we reverse.

2. The remaining enumerations of error are either abandoned or unnecessary to address in view of the foregoing holding.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1985 —
REHEARING DENIED MARCH 28, 1985.

*Wilson R. Smith*, for appellant.
*Howard C. Kaufold, Jr.*, for appellee.