SHELBY OGLE ALLEN, PLAINTIFF v. ROUSE TOYOTA JEEP, INC., FORMERLY D/B/A CAROLINA TOYOTA, AND CAROLINA TOYOTA, INC., DEFENDANTS

No. 8928SC1178

(Filed 4 December 1990)

1. **Automobiles and Other Vehicles § 274 (NCI4th)— purchase of automobile — attempted revocation — substantial impairment of value**

In an action for revocation of a sale of an automobile in which the trial court sat without a jury, the court's findings (mislabeled as conclusions of law) regarding whether the automobile had a nonconformity which substantially impaired its value to the buyer were remanded where the evidentiary findings reflect a substantial defect in the car, repeated, unsuccessful repair efforts, and plaintiff's continued use of the car, and the Court of Appeals was unable to determine whether the trial court gave appropriate consideration to plaintiff's subjective reaction to the vehicle's problems in the context of the objective criteria. The proper test to be applied is a "personalized objective test," or how a reasonable person would react in the buyer's position. N.C.G.S. § 25-2-608.

**Am Jur 2d, Consumer Product Warranty Acts §§ 66-68; Sales §§ 1238, 1239, 1247-1249.**

2. **Automobiles and Other Vehicles § 274 (NCI4th)— sale of automobile—revocation—use of automobile**

The trial court erred in an action for revocation of the sale of an automobile by concluding that there was a substantial change in the condition of the car before the attempted revocation not due to any defect where that conclusion was at odds with the court's conclusion that plaintiff's revocation occurred within a reasonable time. When the defendant has made repeated assurances that the defect can and will be cured, a delay to see if these assurances are met is not *per se* unreasonable and, particularly when dealing with an automobile, the Court of Appeals declined to impose a rule that the goods cannot be used during such a time period. N.C.G.S. § 25-2-608(2).

**Am Jur 2d, Consumer Product Warranty Acts §§ 66-68; Sales §§ 1235, 1236.**

3. **Appeal and Error § 487 (NCI4th)— action tried without jury—findings made under misapprehension of law—reversed and remanded—no new trial**

It was not necessary to order a new trial in an action for revocation of an auto purchase where the court sitting without a jury made findings under a misapprehension of the law. Findings made under a misapprehension of law are not binding, and the judgment was reversed and remanded.

**Am Jur 2d, Appeal and Error §§ 839, 844.**

Judge DUNCAN concurred in this opinion prior to 29 November 1990.

APPEAL by plaintiff from judgment entered 12 June 1989 in BUNCOMBE County Superior Court by *Judge C. Walter Allen.* Heard in the Court of Appeals 3 May 1990.

Plaintiff purchased a 1986 Toyota Corolla automobile from defendant Rouse Toyota Jeep, Inc. (Rouse) on 29 November 1985. Plaintiff returned the car to Rouse on 5 December 1985 to correct a hesitation problem. The car "bogged down" and "lagged" when the gas pedal was engaged. Rouse's efforts to fix the car on that

ALLEN v. ROUSE TOYOTA JEEP, INC.

[100 N.C. App. 737 (1990)]

occasion were unsuccessful. Plaintiff returned the car for further repair attempts of the same problem 15 or 16 times in the next eleven months, leaving the car overnight on many occasions.

Plaintiff told Rouse in November 1986 that she wanted a replacement automobile or her money back. Rouse did not respond to her demand. Plaintiff had driven the car less than 20,000 miles at the time. Counsel for plaintiff sent Rouse a written letter of revocation on 21 January 1987, again demanding a refund of the purchase price, or a replacement vehicle. Plaintiff filed this action on 7 May 1987, seeking to revoke acceptance of the vehicle and seeking damages. She continued to drive the car through the time of trial.

The case was tried without a jury on 30 March 1989. The trial court found the above-stated facts and concluded as a matter of law:

1. There was a substantial change in the Toyota Corolla not due to any defect before the attempted revocation;

2. That the revocation did occur within a reasonable time after the discovery of the defect;

3. That the value of the Toyota Corolla was not substantially impaired by the defect;

4. That the Toyota Corolla was not substantially impaired for its intended use;

5. That Chapter 20, Article 15A is not applicable to this cause of action.

Based on these findings of fact and conclusions of law, the court denied plaintiff any recovery. Plaintiff appeals.

*Moore, Lindsay & True, by Ronald C. True, for plaintiff-appellant.*

*Mullinax & Alexander, by William M. Alexander, Jr., for defendants-appellees.*

WELLS, Judge.

Plaintiff has assigned error to the trial court's conclusions that the value of the automobile was not substantially impaired and that it was not substantially impaired for its intended use.

ALLEN v. ROUSE TOYOTA JEEP, INC.

[100 N.C. App. 737 (1990)]

She also assigns error to the court's conclusion that there was a substantial change in the vehicle not due to any defect before the attempted revocation. We reverse and remand.

North Carolina General Statute § 25-2-608 provides in pertinent part:

(1) The buyer may revoke his acceptance of a . . . commercial unit whose nonconformity substantially impairs its value to him. . . .

(2) Revocation of acceptance must occur within a reasonable time . . . and before any substantial change in condition of the goods which is not caused by their own defects. . . .

Compliance with each of these statutory prerequisites to revocation involves questions of fact, not matters of law for the trial court. 4 Anderson, *Anderson on the Uniform Commercial Code*, § 2-608.20 (3rd ed. 1982). While a fact-finder's resolution of a factual issue is generally binding for appellate purposes if supported by competent evidence, findings made under a misapprehension of law are not binding. *Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E.2d 819 (1978). When faced with such findings, the appellate court should remand the action for consideration of the evidence in its true legal light. *Hanford v. McSwain*, 230 N.C. 229, 53 S.E.2d 84 (1949).

[1] In any case of attempted revocation, the threshold issue is whether the goods have a nonconformity which substantially impairs its value to the buyer. Resolution of this factual issue requires the application of a two-part test which considers both the buyer's subjective reaction to the alleged defect (taking into account the buyer's needs, circumstances, and reaction to the nonconformity) and the objective reasonableness of this reaction (taking into account the goods market value, reliability, safety, and usefulness for purposes for which similar goods are used, including efficiency of operation, cost of repair of nonconformities, and the seller's ability or willingness to seasonably cure the nonconformity). *Wright v. O'Neal Motors, Inc.*, 57 N.C. App. 49, 291 S.E.2d 165, *disc. review denied*, 306 N.C. 293, 294 S.E.2d 221 (1982). It does not appear that the court applied this test in making the ultimate findings (mislabeled as conclusions of law) that the value of the car to plaintiff was not substantially impaired, and that it was not impaired for its intended use. The evidentiary findings reflect a substantial defect in the car, repeated, unsuccessful repair efforts, and plain-

## ALLEN v. ROUSE TOYOTA JEEP, INC.

[100 N.C. App. 737 (1990)]

tiff's continued use of the car. We are unable to determine whether the trial court gave appropriate consideration to plaintiff's subjective reaction to the vehicle's problems in the context of the objective criteria. The proper test to be applied is a "personalized objective test," or how a reasonable person would react if in the buyer's position. *See* 4 Anderson, § 2-608.23. Our review of the record reveals factual questions to be resolved under this analysis. We therefore remand for a proper resolution of this issue.

[2] The court also concluded (found) that there was a substantial change in the condition of the car before the attempted revocation not due to any defect. Under N.C. Gen. Stat. § 25-2-608 (2), this would bar any attempt at revocation. This conclusion (finding) is at odds with the court's conclusion (finding) that plaintiff's revocation occurred within a reasonable time. While there is authority from other jurisdictions which equates increased mileage with a substantial change in condition, *see Ford Motor Credit Co. v. Mellor*, 748 S.W.2d 410 (Mo. App. 1988), we decline to adopt such a rule. When the defendant has made repeated assurances that the defect can be and will be cured, a delay in revocation to see if these assurances are met is not *per se* unreasonable. *See City Nat. Bank of Charleston v. Wells*, 384 S.E.2d 374 (W.Va. 1989). Particularly when dealing with an automobile, we decline to impose a rule that the goods cannot be used during such a time period.

[3] Because there are no errors asserted as to the conduct of the trial below, it is unnecessary to order a new trial. *See Chemical Realty Corp. v. Home Federal Savings & Loan Ass'n of Hollywood*, 65 N.C. App. 242, 310 S.E.2d 33 (1983), *disc. review denied*, 310 N.C. 624, 315 S.E.2d 689, *cert. denied*, 469 U.S. 835, 83 L.Ed.2d 69 (1984). Accordingly, we reverse the judgment below and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges PARKER and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 30 November 1990.