A92A0417. TEAGUE v. YORK et al.
(416 SE2d 356)

McMURRAY, Presiding Judge.

Plaintiffs, D. L. York and Marjorie Teague York, brought suit against Charles Teague seeking actual and punitive damages for trespass. Defendant answered the complaint and denied liability. Following a trial, the jury rendered a verdict in favor of plaintiffs and against defendant for $10,000 actual damages and $20,000 punitive damages. Defendant moved for a new trial. The motion was denied and defendant appealed. *Held*:

1. Defendant contends the trial court erred in failing to instruct the jury properly with regard to punitive damages. In this connection, he points out that the trespass took place after the effective date of OCGA § 51-12-5.1 but the trial court did not use the "clear and convincing evidence" language set forth in that statute.

Defendant acknowledges that he did not object to the charge when the trial court asked if he had any objections. Nevertheless, relying upon OCGA § 5-5-24 (c), he asserts he is entitled to enumerate error upon the charge. We disagree.

Prior to the giving of the charge, defendant's counsel was invited to participate in a charge conference. (Plaintiffs submitted requests to charge. One such charge pertained to punitive damages; it did not contain the "clear and convincing evidence" language set forth in OCGA § 51-12-5.1. Defendant did not submit any requests to charge.) Defendant's counsel refused the invitation, announcing that he did not "object to any of the charges." After the charge was given by the trial court, defense counsel was asked if he had any objections to the charge and he said that he did not.

OCGA § 5-5-24 (c) (formerly Code Ann. § 70-207 (c)) refers "only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an

instruction, is induced by counsel for the complaining party during the course of the trial, or specifically acquiesced in by counsel. It is always the duty of counsel, as officers of the court, to aid the trial judge in presenting the issues to the jury, and it should never be their purpose to mislead the judge in any statement made in regard to the issues involved in the case, or the law. [Cits.]" *Irvin v. Oliver*, 223 Ga. 193, 196 (154 SE2d 217). Accord *Brown v. Garcia*, 154 Ga. App. 837 (1) (270 SE2d 63).

The record demonstrates that defendant's counsel did more than simply fail to object to the charge. By refusing to participate in a proposed charge conference and announcing that he had no objection to the proposed charges, defendant acquiesced in the charge. *Brown v. Garcia*, 154 Ga. App. 837 (1), supra. It follows that defendant can derive no benefit from OCGA § 5-5-24 (c); he cannot enumerate error upon the trial court's charge. OCGA § 5-5-24 (a).

2. "A wilful repetition of a trespass gives rise to an action for punitive damages." *Dalon Contracting Co. v. Artman*, 101 Ga. App. 828, 829 (4) (115 SE2d 377). See also *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga. App. 704, 710 (3) (120 SE2d 636). The evidence was sufficient to support the award for punitive damages in light of evidence that defendant previously trespassed, and made repeated claims upon, plaintiffs' property. (Defendant had even been enjoined from trespassing upon plaintiffs' property in previous litigation between the parties. And, despite the fact that defendant executed more than one boundary line agreement recognizing the extent of plaintiffs' property, defendant continued to deny that plaintiffs had any interest in that property.)

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1992.

*Baker & Whitaker, Elliott R. Baker, William E. Whitaker*, for appellant.

*Smith, Eubanks, Smith & Darden, David P. Darden, Hansell L. Smith, Owen M. Holmes IV*, for appellees.