## A96A1032. BAKERY SERVICES, INC. v. THORNTON CHEVROLET, INC.
### (479 SE2d 363)

RUFFIN, Judge.

On September 22, 1988, Bakery Services, Inc. ("Bakery Services"), through its president, Russell Cook, purchased a used 1988 Chevrolet Suburban from Thornton Chevrolet, Inc. ("Thornton Chevrolet"). Bakery Services also purchased a General Motors Extended Warranty. Bakery Services drove the Suburban 48,000 miles over the next three and one-half years, but complained of numerous problems with the vehicle and took it to Thornton Chevrolet on six occasions for repairs. Bakery Services was not satisfied with the repairs performed by Thornton Chevrolet, and on May 26, 1992, it notified Thornton Chevrolet that it was revoking its acceptance of the Suburban. Thereafter, Bakery Services stopped making payments on the Suburban and the lienholder, General Motors Acceptance Corporation ("GMAC"), repossessed the vehicle. Bakery Services then filed this action against Thornton Chevrolet to recover the money it paid for the Suburban as well as its attorney fees. The jury returned a verdict in favor of Thornton Chevrolet. Bakery Services appeals, asserting as error the admission of certain testimony and the trial court's charge to the jury. For reasons which follow, we affirm.

1. Bakery Services asserts the trial court erred in admitting hearsay testimony from one of Thornton Chevrolet's witnesses, Daniel Longhurst. Longhurst's fiancee purchased the Suburban at Atlanta Auto Auction after it was repossessed by GMAC. Longhurst, who races cars as a hobby, used the Suburban to tow a race trailer. During Bakery Service's cross-examination of Longhurst, Bakery Service's counsel questioned him extensively concerning problems he had with the Suburban and repairs he made to the vehicle. During recross-examination, the following exchange took place between Bakery Service's counsel and Longhurst: "Q: Now, you don't personally know what, if anything else, was done by Atlanta Auto Auction or GMAC or anybody else from the time the vehicle left Mr. Cook's possession and got to Atlanta Auto Auction, do you, and you purchased it? A: All I know is that it has been looked over by some mechanics. There was some questions, I guess, between it and just word of mouth it had been looked at. And the dealers that — well, before we purchased it, we just asked if anybody knew anything about it and they said it had been looked over and given its blessings by GMAC and Thornton Chevrolet and Atlanta Auto Auction mechanics." The trial court overruled Bakery Service's objection based on unresponsiveness to Longhurst's answer, finding that it was responsive to the question asked. We agree.

Counsel for Bakery Services asked Longhurst what he knew

about prior service to the Suburban by Atlanta Auto Auction and GMAC. Longhurst answered by stating what he knew. Under these circumstances, "[w]e find no abuse of discretion in the trial court's finding that [Longhurst's] answer was responsive to [Bakery Service's] counsel's question." *Wells v. State,* 212 Ga. App. 60, 63 (441 SE2d 460) (1994). Accordingly, the court did not err in overruling Bakery Service's objection. Moreover, "a party will not be heard to complain of error induced by his own conduct." (Citations and punctuation omitted.) Id. at 62 (1).

2. Bakery Services asserts the trial court erred in admitting hearsay testimony from John Thornton, the President of Thornton Chevrolet. During Bakery Service's cross-examination of Thornton, counsel asked him what "Thornton Chevrolet's policy was as to what its service advisors were supposed to tell customers regarding Thornton Chevrolet's ability to fix vehicles." In response to the question, Thornton explained that Thornton Chevrolet's general policy is to "train our service advisors to discuss the problems they would experience with the vehicles and if we understood the problem . . . we fix them." Counsel for Bakery Services then asked Thornton: "[d]id you call Mr. Cook to find out whether or not he was telling the truth about any of the problems he was alleging in his letter of March 23, 1992 in order to discuss it with him and to tell him that if you could fix it, you'd try to and that you'd let him know if you couldn't fix it?" Thornton responded: "The discussion I had with [two other Thornton Chevrolet employees] would have been along those lines; yes, sir. We would have said if there had been anything outstanding that we could find to fix, that we would — we would, in fact, fix it." The trial court then overruled Bakery Services' objection to Thornton's answer, finding that it was responsive to the question asked.

We first note that Thornton's response was not necessarily hearsay. Thornton, the corporation's president, merely stated that he had a conversation with two Thornton Chevrolet employees and that as a result of that conversation Thornton Chevrolet would have informed Cook that it would repair the Suburban. As is shown by Thornton's earlier testimony, he used the term "we" when referring to Thornton Chevrolet and not necessarily specific individuals. As Thornton Chevrolet's President, Thornton was a competent witness concerning the actions taken by the corporation. OCGA § 10-6-64. See also *Long Tobacco &c. Co. v. Brannen,* 99 Ga. App. 541, 545 (2) (109 SE2d 90) (1959).

Furthermore, "[w]e find no abuse of discretion in the trial court's finding that [Thornton's] answer was responsive to [Bakery Services'] counsel's question." *Wells,* supra at 63. In the preceding question, counsel for Bakery Services asked Thornton about the practices of Thornton Chevrolet, and he did not specify in the question at issue

whether he was still inquiring about Thornton Chevrolet or Thornton individually. Accordingly, we find no error.

3. Bakery Services also asserts, with regard to the testimony at issue in Division 2, that the trial court erred in failing to give its requested charge on OCGA § 24-4-22. That statute provides that "[i]f a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted." Bakery Services contends that the charge should have been given because Thornton Chevrolet did not present testimony from any of its employees who contacted Cook regarding repairs, but instead relied on the inferior testimony from Thornton discussed in Division 2. We disagree that these circumstances required the court to give the charge at issue.

" '[A] request to charge must embody a correct, applicable and complete statement of law, legal and perfect in form and adjusted to the pleadings and evidence; it must not be argumentative or seek an expression of opinion on the part of the court; and it must not be so phrased as to have tendency to confuse and mislead the jury or to becloud the issues in the case.' [Cits.]" *Shilliday v. Dunaway*, 220 Ga. App. 406, 410 (7) (469 SE2d 485) (1996).

Although the requested charge was a correct statement of the law, " 'a party need not account for every witness who has knowledge of facts pertinent to his cause or defense ([cit.]). . . ." *Meacham v. Barber*, 183 Ga. App. 533, 539 (5) (359 SE2d 424) (1987). It is only " 'where the testimony of available witnesses is *material* to his cause or defense, [that] the witnesses must be produced or the inference will arise that their testimony would be unfavorable to the party who fails to produce them. (Cits.)' " (Emphasis in original.) Id.

In this case, although Bakery Services presented testimony showing that Thornton Chevrolet employees did not respond to two messages Cook left with the business, Bakery Services has not shown how the absent witnesses were material to Thornton Chevrolet's defense. In its complaint, Bakery Services alleged that Thornton Chevrolet was liable for failing to properly repair the Suburban. Specifically, the complaint alleged that although Thornton Chevrolet attempted to repair the Suburban on numerous occasions, the problems were not remedied. Although the complaint also alleged that Thornton Chevrolet acted in bad faith, that allegation was based on Thornton Chevrolet's failure to refund Bakery Services' money. Bakery Services never alleged in its complaint or in the pretrial order that Thornton Chevrolet was liable for its refusal to repair the Suburban, and Cook even testified that "[i]n the time that [he] com-

municated with them . . . they never refused to work on it." Accordingly, testimony from Thornton Chevrolet employees that they contacted Cook regarding repairs would not have been material to Thornton Chevrolet's defense, and the requested charge was therefore not applicable. We find no error.

4. Bakery Services asserts the trial court erred in admitting testimony from Cook that contained a legal conclusion. The transcript shows that during Thornton Chevrolet's cross-examination of Cook, counsel asked him why and when he stopped making payments to GMAC on the Suburban. Counsel for Thornton Chevrolet then asked if Cook still owed money to GMAC, and Cook responded that he did. The trial court overruled Bakery Services' objection to the latter question, which was made on the ground that it called for a legal conclusion.

Although as a general rule a witness may not state a conclusion of law, the issue of "whether a question calls for a legal conclusion or principally a fact which incidentally involves a legal word or phrase, is within the sound discretion of the trial court. [Cits.]" *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 707-708 (2) (266 SE2d 345) (1980). In this case, the trial court found that Thornton Chevrolet was not attempting to determine the legal consequences of any contract between GMAC and Bakery Services, but only whether Cook knew he owed money to GMAC when he withheld payments. Under these circumstances we conclude that the trial court did not abuse its discretion in overruling the objection.

Moreover, Cook's testimony that money was owed to GMAC was merely cumulative of other testimony admitted without objection. That testimony showed that GMAC filed a lawsuit against Bakery Services because it stopped making payments, and that GMAC ultimately prevailed in that action and recovered possession of the Suburban from Bakery Services. Accordingly, because the jury was otherwise aware that Bakery Services owed money to GMAC, any error in admitting Cook's testimony would have been harmless. See *Jafari v. Simpson Organization,* 214 Ga. App. 589 (2) (448 SE2d 493) (1994).

5. Bakery Services asserts the trial court erred by overruling its objection to Thornton Chevrolet's comment during opening statements, which were not transcribed, that the Suburban was sold "as is." We disagree.

"[T]he trial court has broad discretion to control the content of the opening statements of both parties. [Cit.]" *Massey v. State,* 263 Ga. 379, 381 (2) (434 SE2d 467) (1993). Because the transcript does not include Thornton Chevrolet's opening statement, we cannot conclude that the trial court abused its discretion. "The burden is on the party alleging error to show it affirmatively by the record, and when the burden is not met, the judgment complained of is assumed to be

correct and must be affirmed." (Citations and punctuation omitted.) *Sycamore Pellet Systems v. Southeastern Steam,* 196 Ga. App. 717, 718 (2) (397 SE2d 6) (1990).

6. Bakery Services asserts the trial court erred in failing to give three of its requested charges concerning the effect of warranties, disclaimers and the seller's failure to repair on the buyer's right to revoke acceptance.

(a) Bakery Services asserts the trial court should have given its requested charge that a party has the right to revoke acceptance even when the seller has disclaimed warranties by selling the vehicle "as is" or with other disclaimers. "However, the charges given concerning [this matter] correctly stated the law and reflected the principles embodied in [Bakery Services'] request[ ]. The court's failure to charge in the exact language requested was not error." *Martin v. Williams,* 215 Ga. App. 649, 652 (4) (451 SE2d 822) (1994).

(b) Similarly, the trial court did not err by refusing to give Bakery Services' requested charge that the seller's unsuccessful repairs or refusal to repair a vehicle constitutes a breach of the repair warranties and makes the remedy of revocation of acceptance available. The transcript shows that the trial court's charge covered these same principles in almost identical language. Id.

(c) Finally, Bakery Services asserts the trial court erred in failing to charge the jury that the remedy of revocation of acceptance is available even where the warranty is issued by the manufacturer. However, the court's charge, without distinguishing between dealer and manufacturer issued warranties, informed the jury generally that the remedy of revocation is available even where the vehicle is sold with a repair warranty. Under these circumstances, we find no error. See *Martin,* supra.

7. Bakery Services asserts the trial court erred in failing to give its requested charge that the Uniform Commercial Code applied to the sale of a used vehicle. However, the transcript shows that the trial court charged the jury on the applicable provisions of the Uniform Commercial Code. Bakery Services has cited no authority showing that the court was required to inform the jury that the charged law was part of the Uniform Commercial Code. Furthermore, we do not see how Bakery Services could have been harmed by failure to give this charge. Accordingly, the trial court's failure to give this charge was not error. See *Martin,* supra.

8. Bakery Services asserts the trial court erred in failing to give its requested charge that recited the language of OCGA § 24-4-23. That section provides that "[i]n the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from another to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the

letter of his correspondent and to adopt them." Bakery Services contends that the charge should have been given because the evidence showed that Thornton Chevrolet failed to respond to a letter listing problems with the Suburban and threatening suit if Thornton Chevrolet did not refund all payments or give Bakery Services a new Suburban. We disagree that the trial court erred in failing to give this charge.

Pretermitting whether the evidence in this case supported such charge, we find that the requested charge was an incomplete statement of law. " '(T)he presumption arising from a failure to answer a letter is not a presumption of law, but one of fact, and subject to explanation. (Cits.)' [Cit.]" *Lyons Mfg. Co. v. Cedarbaum*, 174 Ga. App. 218, 219 (1) (329 SE2d 559) (1985). The charge requested by Bakery Services was incomplete because it did "not include any clarification that the presumption stated was not one of law but of fact and subject to explanation; in other words that it was a rebuttable presumption." Id. Accordingly, we find no error.

9. Bakery Services asserts the trial court erred in failing to give its requested charge that the question of whether the non-conformity substantially impairs the value of the vehicle as determined from the buyer's perspective. However, Bakery Services cited no authority showing the requested language is the law in Georgia. See *Shilliday*, supra. Furthermore, the court's charge to the jury was a correct statement of the law under OCGA § 11-2-608 and generally covered the same principles as stated in the requested charge. Under these circumstances, we find no error. See *Martin*, supra.

10. Bakery Services asserts the trial court erred in failing to give its requested charge that the timeliness of the buyer's notice of revocation of acceptance is measured from the date the buyer discovered or should have discovered the ground for revocation. However, Bakery Services' requested charge is an incomplete statement of the law under OCGA § 11-2-608 (2), which provides that "[r]evocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it *and* before any substantial change in condition of the goods which is not caused by their own defects." (Emphasis supplied.) Furthermore, the court's charge concerning this principle stated verbatim the language in OCGA § 11-2-608 (2). Accordingly, we find no error. See *Shilliday*, supra; *Martin*, supra.

11. Bakery Services asserts the trial court erred in failing to give its requested charge that "[a] substantial change in the condition of a vehicle is not caused by the mere fact that the continued use of the vehicle increases the mileage placed on the vehicle. A buyer is therefore not barred from revoking his acceptance of the vehicle merely because the mileage placed on the vehicle has increased." Although

we are aware of no Georgia cases which embrace this principle, other jurisdictions have held that, under the facts of the decided cases, jury questions remained concerning whether the buyer's continued use of the vehicle barred revocation. See *Allen v. Rouse Toyota Jeep,* 398 SE2d 64 (N.C. App. 1990); *Vista Chevrolet v. Lewis,* 704 SW2d 363 (Tex. App. 1985).

We agree that in a proper case a court should give a requested charge concerning continued use and the remedy of revocation. However, the requested charge must be properly tailored to the evidence presented at trial. In some cases, the undisputed evidence may show that the owner was not justified in continuing to drive the vehicle. In such cases the jury could find that continuing to drive the vehicle, in itself, substantially changed the condition of the vehicle, thereby barring revocation. In cases such as the instant case, evidence may show that the owner was justified in continuing to drive the vehicle because the *seller made assurances* that the *defect* would be cured. In such cases, a charge addressing only the principle that the increased mileage does not bar revocation would be incomplete. Before such rule would apply, the jury would need to determine that the vehicle was defective and that the owner justifiably continued driving the vehicle after the seller made assurances that the defect would be cured. See *Allen,* supra.

Ultimately, it is for the jury to decide whether the increased mileage resulted in such a substantial change in the condition of the vehicle as would bar the buyer's remedy of revocation. See *Griffith v. Stovall Tire & Marine,* 174 Ga. App. 137 (1) (329 SE2d 234) (1985). A complete and properly tailored request in this case would have included all these principles. See *Shilliday,* supra. The requested charge could have misled the jurors into believing they could not consider the fact that Bakery Services drove the Suburban for 48,000 miles, even if they determined that such continuous use was not justified by the facts. Accordingly, the court did not err in failing to give the requested charge. See id.

12. Bakery Services asserts the trial court erred in failing to give its requested charge that "[t]he seller's liability for consequential damages is not limited to cases in which the seller fails to use due effort in good faith or to situations in which there was a conscious acceptance of an insurer's liability on the seller's part." During the charge conference, when the trial judge asked counsel for Bakery Services about the charge, counsel informed the court that he requested the charge because Thornton Chevrolet "made arguments in various pleadings that they're not — has made arguments to the effect of we're not insured. So far, he didn't make those arguments to the jury." The trial judge responded "Okay[ ]," then proceeded to discuss Bakery Services' next requested charge.

We note first that Bakery Services has not shown that the portion of the charge regarding insurance was supported by the evidence, and counsel's own statement to the trial court indicated that the charge was not in fact supported by the evidence. See *Shilliday*, supra. Similarly, Bakery Services' response to the trial court, in essence, informed the court that the charge was not warranted under the circumstances at trial. Accordingly, we agree with Thornton Chevrolet that any error in failing to give this charge was induced by Bakery Services. See *Teague v. York*, 203 Ga. App. 24 (1) (416 SE2d 356) (1992).

Moreover, we find no merit in Bakery Services' contention that without the charge the jury could have concluded that Thornton Chevrolet should not be liable because it attempted to repair the Suburban in good faith. The transcript shows that under the court's charge the jury was informed that even if the seller unsuccessfully repaired the vehicle, the buyer could revoke his acceptance and recover damages. Under these circumstances, Bakery Services' assertion is without merit. See *Martin*, supra.

13. Finally, Bakery Services asserts that the trial court erred in failing to give its requested charge that its attorney fees and expenses incurred in defending GMAC's repossession action are incidental damages that could be awarded. Even if the evidence merited such charge, the court's failure to give it was harmless. Because the jury returned a verdict finding Thornton Chevrolet was not liable, the court's failure to charge on an issue of damages did not harm Bakery Services. See *Hayden v. Sigari*, 220 Ga. App. 6 (5) (467 SE2d 590) (1996).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 5, 1996 —
RECONSIDERATION DENIED DECEMBER 16, 1996 —

*Don C. Huprich*, for appellant.
*Howe & Dettmering, W. O'Neal Dettmering, Jr.*, for appellee.