An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-181

Filed: 20 October 2015

Henderson County, No. 06 CVD 2004

JOHN LEROY ROBINSON, Plaintiff,

v.

RACHEAL ELLEN CAIN, Defendant.

Appeal by plaintiff from Order entered 19 August 2014 by Judge Emily G. Cowan in Henderson County District Court. Heard in the Court of Appeals 24 August 2015.

> *F.B. Jackson & Associates Law Firm, PLLC, by Angela S. Beeker, for plaintiff. No appellee brief filed.*

ELMORE, Judge.

John Leroy Robinson (plaintiff) appeals from an order denying his motion to modify child custody. Plaintiff argues that the trial court abused its discretion in finding no changed circumstances warranted a modification of the existing child custody order. We agree with plaintiff and remand for a new hearing on plaintiff's motion for modification.

## I. Background

Plaintiff and Racheal Ellen Cain (defendant) are the natural parents of the minor child. The child was born out of wedlock and has lived with defendant since his birth in October 2006. Plaintiff and defendant have never lived together but agreed between themselves how they would raise and support the child.

On 5 June 2007, plaintiff filed a complaint in this action praying for the trial court to enter a consent judgment of the parties relative to the support and maintenance of the minor child. That same day, the trial court entered a consent order and agreement granting defendant custody of the minor child, with reasonable visitation for plaintiff, and ordering plaintiff to pay child support to defendant in the amount of $1,500 per month. The 5 June 2007 Order included the following findings of fact relevant to the issue of child custody:

> 8. Neither of the parties has ever participated in litigation concerning custody of the Offspring. There has not been a custody proceeding concerning the Offspring in a court of this or any other state. No person has physical custody or claims to have physical custody of Offspring, other than the parties to this action. North Carolina is the home state of the Offspring (as "home state" is defined in G.S. 50A-2(5) of the General Statutes of North Carolina, and as interpreted by the case law of the State of North Carolina) and has been the home state of the Offspring since. It is in the best interest of Offspring that this court assume jurisdiction in that the Offspring and the parties have a significant connection with North Carolina (i.e., are and have been residents of the state) and there is available in North Carolina substantial evidence relevant to the Offspring's present and future care, protection, training and personal relationships. Offspring are physically present in North Carolina. It appears that no other state

besides North Carolina would have jurisdiction of Offspring under the Uniform Child Custody Act.

9. The parties have never lived together. Offspring has lived with Woman since his birth. Woman is a fit and proper person to have custody of Offspring, and it is in the best interest of Offspring to be placed in the custody of Woman, with reasonable visitation in Man.

On 28 January 2013, plaintiff filed a motion in the cause requesting a modification of the 5 June 2007 Order. Plaintiff's motion was based on his contention "[t]hat since the entry of the [5 June 2007 Order] there has occurred a substantial and material change in circumstances affecting the best interest and general welfare of the parties' minor child . . . ." Plaintiff's argument that changed circumstances warranted a modification of the 5 June 2007 Order was based, in part, on the following allegations: that defendant has denied plaintiff any input into the child's education and has refused to share with plaintiff any information concerning the child's educational needs, attendance, or progress in school; that, over plaintiff's objections, defendant continues to smoke in the child's presence; that defendant disconnected a smoke detector that the Department of Social Services for Henderson County had installed in defendant's home; that defendant refuses to allow plaintiff any reasonable communication with the child by phone; that defendant has denied plaintiff any reasonable overnight visitation with the child; that defendant has recently been accused of having oxycodone, marijuana, methamphetamine, and drug paraphernalia in her car when she was stopped by police in Rutherford County; and

that defendant has threatened to remove the child from North Carolina and the jurisdiction of the trial court.

A subsequent motion by plaintiff to modify the 5 June 2007 Order followed on 18 June 2013. In addition to those circumstances alleged in his prior motion, plaintiff alleged the following: that despite paying $1,500 per month in child support, defendant has refused plaintiff visitation with the child; that defendant is on probation for the possession of Schedule II and Schedule IV controlled substances; that plaintiff has made a good faith effort to establish a proper relationship with the child and wants the child to develop socially and academically; that defendant does not have a fit and proper place to keep the child and is not a fit and proper person to have legal custody of the child.

Plaintiff's motions were resolved by a second consent order entered 27 August 2013. The 27 August 2013 Order adopted a handwritten "Memorandum of Judgment/Order" that modified the custody of the minor child to joint legal custody, awarded defendant primary physical custody, and specified a visitation schedule.

On 30 May 2014, plaintiff filed a motion to modify the 27 August 2013 Order. The motion was first argued, and evidence introduced, on 21 July 2014. The matter was continued and ultimately concluded on 18 August 2014. On 19 August 2014, the trial court entered an order denying plaintiff's motion to modify the custody of the minor child. Plaintiff filed a timely appeal from the 19 August 2014 Order.

## II. Analysis

On appeal, plaintiff argues that the trial court erred in denying his motion to modify custody. Specifically, plaintiff contends that the trial court acted under a misapprehension of the law and, therefore, abused its discretion in finding no change in circumstances existed that would warrant a modification of the 27 August 2013 Order. Additionally, plaintiff maintains that the findings of fact in the 19 August 2014 Order are not supported by substantial evidence and, furthermore, the findings of fact do not support the conclusions of law. We agree with plaintiff that the trial court abused its discretion in denying plaintiff's motion for modification of custody. As this issue is dispositive, we need not address plaintiff's second argument.

A. Standard of Review

"When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). "In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law." *Id.* at 475, 586 S.E.2d at 254.

"Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal." *Everette v. Collins*, 176 N.C. App. 168, 171,

625 S.E.2d 796, 798 (2006). "A [trial] court by definition abuses its discretion when it makes an error of law." *Koon v. United States,* 518 U.S. 81, 100, 135 L. Ed. 2d 392, 414 (1996), *superseded in part on other grounds by statute*, PROTECT Act of 2003, Pub. L. No. 108-21, § 401, 117 Stat. 650, 670 (2003), *cited with approval in State v. Rhodes,* 366 N.C. 532, 535–36, 743 S.E.2d 37, 39 (2013). "[F]indings made under a misapprehension of law are not binding," and "[w]hen faced with such findings, the appellate court should remand the action for consideration of the evidence in its true legal light." *Allen v. Rouse Toyota Jeep, Inc.*, 100 N.C. App. 737, 740, 398 S.E.2d 64, 65 (1990) (citing *Dishman v. Dishman*, 37 N.C. App. 543, 246 S.E.2d 819 (1978); *Hanford v. McSwain*, 230 N.C. 229, 53 S.E.2d 84 (1949)).

B. Changed Circumstances Warranting Modification

Plaintiff contends that the trial court acted under a misapprehension of the law when it instructed the parties as follows:

> I'm looking for substantial change of circumstances since August of last year. You all have got—I'm trying to give you as much leeway as I can, but you all have got to keep me in that range, *because that's all I'm legally allowed to consider.*
> . . . .
>
> *The only thing I'm allowed to consider is what has happened since the last order* because the first thing I have to find where I can consider anything at all is a substantial change of circumstances affecting the welfare of the child. And I have to go back to the last order on that. My understanding is the last order is August 2013.

(emphasis added). Because the trial court had not previously made findings at the time of the 27 August 2013 Order, plaintiff maintains that the court was allowed to consider "as current" those facts that were in existence but not previously disclosed to the court. Therefore, plaintiff argues, the trial court erred by limiting the evidence and its findings to only those facts that had occurred since the 27 August 2013 Order.

In North Carolina, a child custody order "may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." N.C. Gen. Stat. § 50-13.7(a) (2013). The "changed circumstances" analysis generally involves a comparison between the current circumstances affecting the welfare of the child and those that existed at the time of the previous order. *See generally* 3 Suzanne Reynolds, Lee's North Carolina Family Law § 13.106 (5th ed. 2014) (explaining the standard and process for modifying custody orders). The purpose of the rule is "to prevent *relitigation* of conduct and circumstances that antedate the prior custody order." *Newsome v. Newsome*, 42 N.C. App. 416, 425, 256 S.E.2d 849, 854 (1979) (citing *Stanback v. Stanback*, 266 N.C. 72, 145 S.E.2d 332 (1965) (applying the "changed circumstances" requirement where a second judge reached a different conclusion on the same facts only sixteen days after entry of the first custody order)); *see id.* ("The rule prevents the dissatisfied party from presenting those circumstances to another court in the hopes that different conclusions will be drawn.").

Plaintiff's argument turns on whether the trial court may treat "as current" those facts that existed at the time of the 27 August 2013 Order but were not disclosed to the court. In support of his argument, plaintiff relies on *Newsome,* 42 N.C. App. at 424–27, 256 S.E.2d at 853–55. In *Newsome,* a separation agreement granting custody to the plaintiff was incorporated by reference into a divorce decree. *Id.* at 424, 256 S.E.2d at 854. The trial court had "merely approved the contract made between the parties"; the question of custody, however, had not been "litigated and decided by the judge after hearing evidence tending to show the circumstances as they then existed relating to the best interest of this child." *Id.* The following year, the defendant filed a motion to modify the custody order. *Id.* at 417, 256 S.E.2d at 849–50. The trial court, concluding that changed circumstances warranted a modification, made findings of fact that did not distinguish between circumstances as they existed before and after the divorce decree. *Id.* at 423, 256 S.E.2d at 853. Affirming the trial court's decision, this Court explained that if the reason for the changed circumstances requirement is to "prevent *relitigation*" of the facts existing at the time of the prior order, "[i]t assumes . . . that such conduct has been litigated and that a court has entered a judgment based on that conduct." *Id.* at 425, 256 S.E.2d at 854. But "[w]hen, . . . as in the present case, facts pertinent to the custody issue were not disclosed to the court at the time the original custody decree was rendered, courts have held that a prior decree is not *res judicata* as to those facts not before the court."

*Id.* (citations omitted). *Newsome*, therefore, represents a narrow exception to the otherwise rigid rule regarding changed circumstances in child custody cases: the trial court may treat "as current" those facts that were in existence but undisclosed at the time of the last order to determine whether changed circumstances exist. *Id.* at 424, 256 S.E.2d at 854.

Prior decisions of this Court have consistently relied on *Newsome* in similar child custody cases. *See, e.g.*, *Woodring v. Woodring*, \_\_\_\_ N.C. App. \_\_\_\_, \_\_\_\_, 745 S.E.2d 13, 20 (June 4, 2013) (No. COA12-679) ("[W]hen evaluating whether there has been a substantial change in circumstances, courts may only consider events which occurred after the entry of the previous order, unless the events were previously undisclosed to the court."); *Ford v. Wright*, 170 N.C. App. 89, 96, 611 S.E.2d 456, 461 (2005) ("As the trial court had already considered the parties' past domestic troubles and communication difficulties in the prior order, without findings of additional changes in circumstances or conditions, modification of the prior custody order was in error."); *Wehlau v. Witek*, 75 N.C. App. 596, 598, 331 S.E.2d 223, 225 (1985) (requiring a showing of changed circumstances where all facts relevant to issue of custody were before the trial court at the time of the original custody order), *overruled on other grounds by Pulliam v. Smith*, 348 N.C. 616, 620 & n.1, 501 S.E.2d 898, 900 & n.1 (1998).

We find *Newsome* to be controlling in the case *sub judice* and conclude that the trial court acted under a misapprehension of the law with respect to the permissible scope of evidence supporting its findings of fact in the 19 August 2014 Order. Plaintiff directs our attention to the following findings of fact, to which he takes exception:

> 12. The minor child is in first grade. The minor child is special needs (ADHD). His grades indicate that he needs intensive help in some of his classes. *There is no evidence that this has not always been the case.*
> . . . .
> 19. The Woman is not working to any significant degree now *and she was not at the time of the last order.*
>
> 20. The Woman is on probation *and was at the time of the last order*; she has passed all her drug screens.
> . . . .
>
> 24. The Man and his family have more education than the Woman and her family. *This was the case at that [sic] time of the last order as well. There is no evidence that anyone has gotten more education since the time of the last order (except the minor child).*
>
> 25. Since the entry of the last order; [sic] the Man has gotten remarried to a woman he had been dating since before the last order. She and the minor child have a good relationship and *there is no evidence of any change with regards to the minor child since the dating relationship became a marriage.*

Neither the 5 June 2007 Order nor the 27 August 2013 Order included findings regarding the circumstances mentioned above. Nevertheless, the trial court appears to conclude, for example, that because the minor child has always had special needs, there has been no change in circumstances since the 27 August 2013 Order. This is

exactly the type of reasoning that *Newsome* rejected. *See Newsome*, 42 N.C. App. at 426, 256 S.E.2d at 855 ("Surely it could not be said that the second judge is powerless to act merely because the circumstances are the same in that the abuse is no greater or the environment no worse than before."). Contrary to the trial court's assertion that it could "only consider what has happened since the last order," according to *Newsome* the court could have considered "as current" those facts that existed but were not disclosed to the court at the time of the 27 August 2013 Order. We conclude, therefore, that the trial court abused its discretion in making the findings of fact contained in its 19 August 2014 Order.

As it is the trial court's duty to examine the evidence and make findings of fact and conclusions of law as to whether a substantial change of circumstances warranting the modification of custody has occurred, we vacate the 19 August 2014 Order and remand for a new hearing on the issue of custody in accordance with this opinion. *See Woodring*, ____ N.C. App. at ____, 745 S.E.2d at 20 & n.2 (vacating custody order and remanding for a new hearing without addressing whether the error was a sufficient basis to modify the order).

## III. Conclusion

The trial court abused its discretion by acting under a misapprehension of law. In making its findings of fact, the trial court was permitted to consider "as current" those facts that were in existence but previously undisclosed at the time of the 27

August 2013 Order. We vacate the 19 August 2014 Order and remand for a new hearing on plaintiff's motion to modify the 27 August 2013 Order.

VACATED AND REMANDED.

Chief Judge McGEE and Judge DAVIS concur.

Report per Rule 30(e).